THE ROCKFORD TRUST COMPANY *et al.* Appellees, *vs.* JULIA E. MOON *et al.*—(KATHERINE KETTLEWELL *et al.* Appellants.)

*Opinion filed December 20, 1938.*

HALL & DUSHER, for appellants.

FRANK E. MAYNARD, for appellees.

Mr. JUSTICE FARTHING delivered the opinion of the court:

The decree appealed from quieted title in appellees and dismissed appellants' cross-bill which prayed that title to the same land be quieted in them. The outcome depends on the construction of a deed, dated July 27, 1901, by Charles H. Kettlewell and wife, conveying the land in dispute to the Rockford, Beloit and Janesville Railroad Company. Appellees claim through the railroad company and say the deed to it created a fee simple absolute. Appellants are the heirs of the Kettlewells. They claim title on the theory that the deed only conveyed the land to the railroad company so long as the land was used for railroad purposes, and that, since it is no longer used for such purposes, title reverted to them as the grantors' heirs.

The original deed was not offered in evidence but it is admitted that it read as follows:

"This Indenture Witnesseth: That the grantors, Chas. H. Kettlewell and Kate Kettlewell his wife of the Township of Rockford, in the County of Winnebago and State of Illinois, for and in consideration of the sum of Six Hundred Dollars in hand paid, Convey and Warrant to the Rockford, Beloit and Janesville Railroad Company, a corporation organized and existing under the laws of the State of Illinois, the following described Real Estate, to-wit:

"All that part of lots twelve and thirteen as designated on the Assessors plat of section thirteen, township Forty-four, north of range one, east of the third principal meridian, the plat of which is recorded in book 86 of deeds, page 31, in the Recorder's Office of said County, lying between the easterly line of the right of way of the Chicago and Northwestern Railroad Company and the center line of the highway running northeasterly and southwesterly through said quarter section; situate in the County of Winnebago, in

the State of Illinois, hereby releasing and waiving all rights under and by virtue of the Homestead Exemption Laws of this State. Growing out of the construction and operation of the railroad of said Company, its successors and assigns.

"Dated this 27th day of July, A. D. 1901.

> CHAS. H. KETTLEWELL (Seal)
> KATE KETTELWELL (Seal)"

The deed was duly acknowledged by the grantors before a notary public on July 27, 1901, and filed for record September 9, 1901. It was the statutory form of warranty deed, with the exception of the clause "Growing out of the construction and operation of the railroad of said Company, its successors and assigns." This is the clause which appellants claim created a right of entry for condition broken, or a possibility of reverter when the land ceased to be used for railroad purposes.

One of the witnesses for appellants, J. E. Goembel, testified that when the deed was prepared the form used was the same as certain exhibits introduced in evidence by appellees. In the blank form of deed that was used there was, originally, a release of damages, ending with the clause last quoted. Appellees admit that the deed contained the quoted clause. Appellants introduced testimony which tended to show that all the release of damages clause was stricken out, and that the clause "Growing out of," etc., was typed in again before the deed was executed and delivered. But in the view we take it is immaterial whether it was reinserted, as they say, or remained after the greater portion of the release of damages clause, of which it was the latter part, was erased.

Appellants say that the finding in the decree that the railroad took a fee simple absolute was erroneous and that the chancellor erred in striking certain testimony of J. E. Goembel, who had been attorney for the Kettlewells at the

time the deed was made. He testified, in part, that "At the time Kettlewell presented the deed to me on or about the date of the deed, he asked me if in the event that the interurban railroad company would cease to operate and cease to use it for railroad purposes, whether or not in my opinion it would revert to Kettlewell; he stated to me that Girden O. Williams (the agent for the railroad company in procuring the deed), who had prepared the deed, told him that it would; after that I called up Girden O. Williams and talked to him about it. I took it up with Williams in reference to a clause near the latter part of the deed, and he said, 'Yes, John, you don't think that this railroad company is ever going to cease doing business,' and I told him I thought stranger things than that had happened, and I stated my idea of the deed was that it would revert to the Kettlewells, and he said, 'Well, yes I guess it would, under those circumstances.'"

The evident purpose of this testimony was to show that the parties to the deed intended by its last clause to create a possibility of reverter but if we adopted as our own the position of appellants and held that these conversations were part of the *res gestae* other grounds of objection would remain. This testimony was inadmissible under the parol evidence rule. That rule requires that the nature and extent of the estate granted shall be determined, as a matter of law, from the deed itself. It is not proper to go beyond the four corners of the deed to ascertain the intention of the parties. Parol evidence may be received to apply the deed to the subject matter, but not to change its legal effect. (*Harder* v. *Matthews,* 309 Ill. 548; *Duffield* v. *Duffield,* 293 id. 300.) Thus, we said, in *Higinbotham* v. *Blair,* 308 Ill. 568, at page 572: "While the court will receive evidence of the surrounding circumstances and collateral facts so as to place itself in the situation of the parties at the time of executing the instrument, if there still

remains incurable and hopeless uncertainty, it cannot be cured by extrinsic evidence. A deed speaks for itself, and the only purpose of construction is to find out what it means, and that depends upon the language used." There was no error committed in striking this testimony.

The question remaining is: Did the deed, by its terms, convey a fee simple absolute to the grantee? Such was the result under section 13 of the Conveyance act (Ill. Rev. Stat. 1937, chap. 30, par. 12) unless the clause beginning "Growing out of the construction and operation," etc., gave the grantor and his heirs either a possibility of reverter or a right of entry for condition broken, when the land ceased to be used for railroad purposes.

The appellants rely on *Branch* v. *Central Trust Co.* 320 Ill. 432, where the deed conveyed: "A railroad right-of-way and depot grounds over and upon the whole of Lot A [describing the land]. To have and to hold said lot A for a railroad right-of-way and depot grounds unto said Chicago and Southwestern Railroad Company, its successors and assigns for so long as the same shall be used for a railroad right-of-way and depot grounds," etc. We held that when use of the land for a right-of-way and depot grounds was abandoned the railroad company's estate terminated and the grantors or their heirs could, by ejectment, recover the land. That case is distinguishable from the one before us for there the grant was only for so long as the land was used for railroad purposes.

To create a right of entry for condition broken, appropriate words, such as "upon condition," should be used. If such a term as "upon condition" is not used, there should be a provision for forfeiture, or for entry upon the happening of a certain event. Even where the deed contains words stating the consideration for or the purpose of the conveyance, they do not, of themselves, render an estate conditional. *Downen* v. *Rayburn,* 214 Ill. 342, and cases there cited.

To create a possibility of reverter, words such as "for so long as," etc., should be used to indicate clearly that the estate will terminate upon the occurrence of the named event. Here there is neither mention of any condition nor of any event upon the happening of which the estate shall cease and determine. The clause in the deed had no meaning whatever and stands alone.

It is not necessary to consider, at length, the appellants' contention that it was *ultra virés* the railroad company's charter to hold land in fee simple when it was not used for railroad purposes. The State, alone, could question whether such tenure was *ultra vires*. Neither is it necessary to consider, at length, the contention that the railroad company could not acquire and hold land in fee simple absolute by grant, for the reason that our constitution only authorizes railroad companies to condemn and hold land for railroad purposes, and when condemned land ceases to be so used, it reverts. Title here was acquired by grant and not by condemnation. We hold that this deed conveyed a fee simple absolute and, therefore, the decree of the circuit court of Winnebago county is affirmed.

*Decree affirmed.*