(No. 29113.—

HELEN B. KEEN *et. al.*, Appellees, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY *et al.*, Appellants.

*Opinion filed November 21, 1945—Rehearing denied Jan. 17, 1946.*

P. J. KOLB, and WALTER F. KOLB, both of Mt. Carmel, MAYNARD H. MOTZ, of East Alton, and A. K. SWANN, of Evansville, Ind., (S. C. MURRAY, of Chicago, of counsel,) for appellants.

GEORGE W. LACKEY, of Lawrenceville, and CHARLES A. ORR, and MAURICE WEINBERGER, both of Kansas City, Mo., for appellees.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Wabash county. The controversy involves the ownership of the oil and gas in and under a strip of ground occupied by The Cleveland, Cincinnati, Chicago & St. Louis Railway Company, as its right of way through a part of the west half of section 9, township 2 south, range 13 west, in Wabash county. The plaintiffs, who are appellees here, are the heirs-at-law and devisees of Ornamil H. Keen, deceased. They claim title under him, as such heirs and devisees.

The defendants, who are appellants here, claim title under two deeds executed by Ornamil H. Keen to The

Cairo & Vincennes Railroad Company. The appellant Cleveland, Cincinnati, Chicago & St. Louis Railway Company claims title in succession as grantee of The Cairo & Vincennes Railroad Company The New York Central Railroad Company is the operating lessee of The Cleveland, Cincinnati, Chicago & St. Louis Railway Company. Appellant F. W. Olin is the owner of an oil and gas lease executed by The Cleveland, Cincinnati, Chicago & St. Louis Railway Company and the New York Central Railroad Company, under which he has drilled certain oil wells upon the strip of land involved and is producing oil therefrom. The other defendants are alleged to be purchasers of oil produced from said land by Olin.

It was alleged in the complaint that the defendants claimed title under a deed executed by Ornamil H. Keen to The Cairo & Vincennes Railroad Company on January 4, 1872. It was further alleged that said deed conveyed only an easement for the construction, maintenance and operation of a railroad over the lands involved. To the complaint appellants filed an answer in which they not only claimed title under the deed from Ornamil H. Keen dated January 4, 1872, but also under a prior deed executed by Keen to The Cairo & Vincennes Railroad Company on October 12, 1867. They alleged that the railroads acquired the land as successors in title of the grantee in that deed; that said deed was ratified and any prior defaults thereunder were waived by the deed of January 4, 1872. To this answer appellees filed a reply. In their reply they alleged that the deed of October 12, 1867, contained a provision that if the grantee therein named "fails to complete its railway through said lands within three years from the date hereof, then the title to said real estate is to revert and reinvest in the grantors." They then alleged that there was a breach of this provision; that the railroad was not completed within three years from October 12, 1867, and that because of such default the title

reverted to, and reinvested in, the grantors in said deed. In the reply appellees again alleged that the deed of January 4, 1872, conveyed only an easement.

The prayer of the complaint was that the oil-and-gas lease, executed by the railroad companies to Olin, be cancelled; that appellants be enjoined from drilling or operating oil wells on the land involved, and that they be required to account to appellees for all oil which had been produced therefrom. Upon a hearing, a decree was entered granting the prayer of the complaint. Appellants, who were the defendants in the court below, perfected the appeal to this court for the purpose of reversing that decree.

It is the contention of appellants that The Cairo & Vincennes Railroad Company acquired fee-simple title to the strip of land in question under the deed of October 12, 1867; that the provision in said deed, providing that if the railroad was not completed within three years from the date thereof, was a condition subsequent which required for its exercise a declaration of forfeiture and a re-entry by the grantors. They further contend that at the time the second deed was executed on January 4, 1872, the only right the grantor in that deed had in the land was the right to declare a forfeiture and, upon such declaration being made, to a reversion and the right of re-entry; that by the execution of the second deed on January 4, 1872, the grantor, Ornamil H. Keen, who was then the sole owner of the right to declare a forfeiture and to re-enter upon said lands, waived the right of forfeiture and re-entry. They further claim that entirely aside from any rights which The Cairo & Vincennes Railroad Company acquired under the deed of October 12, 1867, it acquired fee-simple title to the strip of land involved under the deed of January 4, 1872, and that The Cleveland, Cincinnati, Chicago & St. Louis Railway Company is now the owner of the right of way, in fee simple, under its deed from The Cairo & Vincennes Railroad Company. The deed of January 4,

1872, covered, in part, the lands described in the deed of October 12, 1867, and also included other lands. It covered all the land involved in this suit.

Appellees contend that the provision in the deed of October 12, 1867, requiring the completion of the railroad within three years, was a conditional limitation; that upon the failure of the grantee to complete the railroad within three years from the date of that deed, the lands reverted to, and the title reinvested in, the grantors without any declaration of forfeiture, re-entry or other action on their part; that there having been a failure to complete the railroad within the time limited by that deed, the railroad companies claiming under The Cairo & Vincennes Railroad Company have no title, and that said deed must be wholly disregarded. They further contend that the second deed, executed by Ornamil H. Keen to The Cairo & Vincennes Railroad Company, on January 4, 1872, only conveyed an easement for right of way and did not operate as a conveyance in fee simple so as to convey the oil and gas in and under said strip of land.

Considerable portions of the briefs on both sides have been devoted by counsel to the question of whether the provision in the deed of October 12, 1867, that if the railroad was not completed within three years the estate should revert to, and reinvest in, the grantors, was a conditional limitation, upon the violation of which the title would revert and reinvest in the grantors without a declaration of forfeiture and a re-entry or other action on their part, or whether it was a condition subsequent which would require a declaration of forfeiture and re-entry to terminate the estate. Much space is also devoted to the question of whether there is sufficient evidence in the record to show that the railroad was not constructed within the period limited by said deed. From the fact that two deeds were executed conveying the same land, the inference, at least, arises that the construction of the railroad was temporarily

abandoned after the first deed was made, and that when it was determined to go ahead with the project the new deed was procured because of the forfeiture provision in the prior deed. But, be that as it may, as we view the record, those questions are not decisive and may be entirely disregarded. In the view we have taken of the case it will be necessary to consider only the estate conveyed by the second deed. That deed, in so far as material, is as follows:

"Ornamil H. Keen of the County of Wabash and State of Illinois, for and in consideration of the advantages which may result to the public in general, and myself in particular, by the construction of The Cairo & Vincennes Railroad, and for the purpose of facilitating the construction and completion of said work, and in further consideration of One Dollar, in hand paid by the Cairo & Vincennes Railroad Company, do hereby release, relinquish and forever quitclaim to the said company, a piece of land one hundred feet in width, being fifty feet on the east side, and fifty feet on the west side of the center of the line heretofore surveyed and established by the Illinois Southern Railroad Company for so much of said Cairo & Vincennes Railroad as may pass through the following described land, lying and being in the County of Wabash and State of Illinois, to-wit: * * * and as I believe that the construction and operation of said Railroad will be a personal as well as public benefit, I hereby release and relinquish all claim for damages, by reason of the location, construction and operation of said Railroad, through or upon any part of the real estate or land described as aforesaid."

Appellees concede that this deed purports to convey "a piece of land one hundred feet in width," and that it is not, upon its face by words, limited to the conveyance of an easement for a railroad right of way. They claim, however, that certain clauses contained in the deed indicate an intention to convey only an easement and not the fee-simple title.

It will be noted that this deed is in form a statutory quitclaim deed. The rule is that a quitclaim deed is as effective to convey fee-simple title as a warranty deed, unless it appears from the deed itself that it was intended

to convey a lesser estate. (*Morris* v. *Goldthorp*, 390 Ill. 186; Ill. Rev. Stat. 1945, chap. 30, par. 9.) Under the above statute the rule has been announced by this court that where a deed is in statutory form and no words of inheritance are used, every word contained therein, regardless of where it may be found in the deed, is to be given weight in determining the estate granted. *Magnolia Petroleum Co.* v. *West*, 374 Ill. 516.

Section 13 of the Conveyance Act provides that "Every estate in lands which shall be granted, conveyed or devised, although other words heretofore necessary to transfer an estate of inheritance be not added, shall be deemed a fee simple estate of inheritance, if a less estate be not limited by express words, or do not appear to have been granted, conveyed or devised by construction or operation of law." (Ill. Rev. Stat. 1945, chap. 30, par. 12.) This statute has been in force since 1845. (Rev. Stat. 1845, p. 105, sec. 13.) It was re-enacted in its present form on March 29, 1872. Ill. Rev. Stat. 1874, chap. 30, par. 13.

In construing deeds in statutory form, this court has said that the cardinal and all-important rule is to ascertain the intention of the parties and the deed should be so construed as to carry out the intention gathered from the entire instrument, and its purpose, if legal, should be carried into effect so as not to defeat the manifest intention, and every word within the instrument should be considered and, if possible, given effect. *Tallman* v. *Eastern Illinois and Peoria Railroad Co.* 379 Ill. 441.

With this rule as a basis for their argument, appellees point out certain clauses contained in the deed which they contend show an intention to convey only an easement and not fee-simple title to the land. The clauses pointed out and relied upon, as quoted by appellees in their argument, are as follows: "for the purpose of facilitating the construction and completion of said work" and "for so much of said Cairo & Vincennes Railroad as may pass

through the following described land." The first language above quoted is found in that portion of the deed reciting the consideration upon which it was executed. The entire clause in which such language is used, after reciting the name of the grantor, is as follows: "for and in consideration of the advantages which may result to the public in general, and myself in particular, by the construction of the Cairo & Vincennes Railroad, and for the purpose of facilitating the construction and completion of said work, and in further consideration of One Dollar, in hand paid by the Cairo & Vincennes Railroad Company, do hereby release, relinquish, and forever quitclaim to said company * * *." This is merely a recital of the consideration for the deed. The deed is not ambiguous. It contains no language of doubtful meaning. We are, therefore, confined to the language of the instrument itself in determining the intention of the parties. The clause under consideration is merely the expression of the considerations which prompted the grantor to execute the deed, the considerations or the conditions which moved or animated the grantor to make the deed. It does not purport to be a limitation on the estate conveyed.

In *Walker* v. *Shepard*, 210 Ill. 100, the deed there considered contained the following provision: "The condition and consideration of the granting of this deed is upon the condition herein stated that the grantee is hereby prohibited from selling, mortgaging or putting any encumbrance upon the above said described land during the lifetime of said grantee, as it is the wish and desire of the grantor that it shall be a support and maintenance for said grantee during her natural life, and that upon the sale of said lands, or attempt to sell the same, it shall be forfeited and revert back and become a part of my estate." It was there held that this language merely expressed the purpose animating the grantor in making the deed and could not be construed as a limitation on the estate con-

veyed. The court said: "The most that can be said of the language here is, that it indicates the intention of the grantor to have been that the grantee should not dispose of the property during her life, his purpose being to prevent the alienation thereof, and to provide for her support so long as she should live. Words contained in the deed which are merely expressive of the purpose animating the grantor in making it do not limit the estate conveyed. *Bryan* v. *Howland,* 98 Ill. 625; *Randall* v. *Randall,* 135 id. 398." The court held that notwithstanding this recital as a part of the consideration for the conveyance, the deed conveyed fee-simple title. The same rule was announced in *Rockford Trust Co.* v. *Moon,* 370 Ill. 250. Here the clause relied upon had no other purpose. It is unlike the questions involved in cases where the deeds only purported to convey "a right of way."

Appellees rely chiefly upon *Tallman* v. *Eastern Illinois and Peoria.Railroad Co.* 379 Ill. 441. The language used in the deed involved in that case, as indicating the conveyance of an estate less than fee-simple title, is clearly distinguishable from the language in the deed here involved. There the conveyance was "as and for its right of way, a strip of land One Hundred (100) feet wide, being Fifty (50) feet wide on each side, of a line that has been surveyed and located across and upon the following described real estate, * * *." After reviewing many cases, the conclusion was there reached that the words, "as and for its right of way," used as a part of the description of the estate in the land conveyed, could not be ignored and, when given effect, the intention was clear that the grantors intended to grant merely a right of way over the land described.

The language in the deed here involved is entirely different. That language was not used as a part of the description of the estate in the land conveyed, but only as indicating the consideration upon which the conveyance

was made. The deed recites that in consideration of the advantages which would result to the public in general, and to the grantor in particular, he conveys "a piece of land one hundred feet in width." The land conveyed is not limited to any use or purpose. The word "land" has a definite legal meaning. "Lord Coke says, that the word, 'land,' in its legal signification, comprehends any ground, soil, or earth whatever, and it also has an indefinite extent upwards as well as downward." (*Stevenson* v. *Bachrach,* 170 Ill. 253.) A deed conveying to a railroad company "a strip of land," in the absence of any limitation in the deed upon the estate conveyed, conveys fee-simple title to the "strip of land" described. (*Kynerd* v. *Hulen,* 5 Fed. 2d 160, certiorari denied, 269 U. S. 560, 70 L. ed. 211, 46 S. Ct. 20.) To the same effect is *Spierling* v. *Ohl,* 232 Ill. 581. See, also, the cases cited in the exhaustive note to *Sherman* v. *Petroleum Exploration,* 132 A. L. R. 143.

The deed here involved purports to convey the land itself. The recital of the considerations which moved the grantor to make the conveyance cannot be construed as a limitation on the estate granted in the "piece of land one hundred feet in width," conveyed.

The next clause in the deed relied upon by appellees as indicating that an interest less than the fee was intended to be granted, as quoted by them, is "for so much of said Cairo & Vincennes Railroad as may pass through the following described land." This is not a fair statement of the clause in the deed upon which appellees rely as a limitation upon the estate granted. The whole clause in which the language quoted by appellees is found, reads as follows: "a piece of land one hundred feet in width, being fifty feet on the east side, and fifty feet on the west side of the center of the line heretofore surveyed and established by the Illinois Southern Railroad Company for so much of said Cairo & Vincennes Railroad as may pass through the following described land, * * *." When the entire

clause in which the words relied upon are used is considered, it presents an entirely different meaning from that asserted by appellees. It shows that the words relied upon, "for so much of the Cairo & Vincennes Railroad as may pass through the following described land," refer, not to the estate conveyed, but to the location and description of the land, with reference to "the line heretofore surveyed and established by the Illinois Southern Railroad Company for so much of said Cairo & Vincennes Railroad as may pass through the following described land." ·The reference is to the line from which the land may be located. It refers only to the location of the land conveyed as a strip of land fifty feet on each side of "the line heretofore surveyed." The language is used simply in locating the strip of land as being fifty feet on each side of the line theretofore surveyed· for so much of The Cairo & Vincennes Railroad as may pass through the real estate described. When properly construed in the connection in which it is used, and when the entire clause is considered, it expresses no intention to limit the estate conveyed to less than an estate in fee simple.

The remaining clause relied upon by appellees as cutting down the estate conveyed to an easement instead of the fee, is as follows: "and as I believe that the construction and operation of said railroad will be a personal as well as a public benefit, I hereby release and relinquish all claim for damages, by reason of the location, construction and operation of said railroad, through or upon any part of the real estate or land described as aforesaid." The land before described was a strip one hundred feet in width, through the southwest quarter and the south half of the northwest quarter of section 9. It was through a tract of land owned by the grantor, containing two hundred and forty acres. Here, again, we have merely a recital of the reasons which prompted or animated the grantor to release and relinquish all claims for damages

growing out of the location, construction and operation of the railroad. It was only a release of claims for damages to that portion of the lands described in the deed which he did not convey. It was not limited to the lands conveyed. It has no relation to the character of the estate conveyed and evinces no intention on the part of the grantor to convey an estate less than the fee, which would pass under the deed, as provided in section 13 of the Conveyance Act, unless a lesser estate was limited by express words, or appears to have been conveyed by construction or operation of law.

These are the only provisions in the deed pointed out by appellees upon which they rely as cutting down the estate conveyed to an easement. We do not think the language can be so construed or that the contention of appellees as to the effect of the use of such language can be adopted.

Appellees further contend that The Cairo & Vincennes Railroad Company, the grantee in said deed, was without power to take fee-simple title to real estate; that its powers were limited to the construction and operation of a railroad; that it could only acquire and hold such interests in real estate as were necessary for that purpose. It is argued that easements in real estate were all that was necessary to enable said railroad company to exercise its corporate powers, hence, its power to acquire and hold real estate was limited to an easement therein.

The Cairo & Vincennes Railroad Company was organized by a special act of the legislature on March 6, 1867. (Private Laws 1867, p. 558.) By the act it was authorized to construct and operate a railroad over a designated line, and to acquire a right of way and to take and appropriate as much land as might be necessary for that purpose. By section 1 of the act, in order to enable it to exercise the corporate powers granted, it was authorized to "receive, purchase, hold, sell, lease, convey and deliver real and

personal property, * * *." By section 2 it was authorized to "take all such lands, by gift, purchase or making satisfaction for the same, in the manner hereinafter provided." By section 4 it was provided that "in case said company can not agree with the owner or owners of all or any part of such lands as aforesaid, so as to procure the same by the voluntary deed or act of such owner or owners; * * * the same may be taken, condemned and paid for," in the manner provided in the act of June 22, 1852, relating to the condemnation of property for the purposes of internal improvements. It was further provided in that section that where lands were condemned, "the final decision or award shall vest the company hereby created, with all the rights, privileges, powers, franchises and immunities in said act contemplated." The eminent domain act of June 22, 1852, referred to in section 4 of the special act creating The Cairo & Vincennes Railroad Company, was construed by this court in *Bartlow v. Chicago, Burlington and Quincy Railroad Co.* 243 Ill. 332. It was there held that in eminent domain proceedings under said act, the railroad company condemning the land acquired fee-simple title to the lands condemned. The rights in and the power to take real estate by condemnation, contemplated by the eminent domain act referred to in section 4, was the right to take and acquire fee-simple title.

There was, therefore, by section 4 of the act creating The Cairo & Vincennes Railroad Company, specific authority conferred to acquire fee-simple title and all lesser estates in lands by condemnation under the act of June 22, 1852, as construed by this court in the above case. If it had the power to take fee-simple title to lands by the exercise of the power of eminent domain, it certainly had the right to acquire and hold such title by voluntary conveyance.

The special act creating The Cairo & Vincennes Railroad Company authorized and empowered it to purchase,

hold, sell, lease, convey, and deliver real and personal property for the purposes for which it was organized, namely: the construction and operation of a railroad, "by gift, purchase or making satisfaction for the same." Section 4 provided that if the company could not agree with the owners of lands so as to procure the same by voluntary deed or act of such owner or owners, such lands could be taken, condemned and paid for in accordance with the act of June 22, 1852. It is clear that under the special act creating The Cairo & Vincennes Railroad Company, that company was authorized and empowered to acquire and hold title to real estate in fee simple, either by condemnation or voluntary conveyance.

Section 19 of the act relating to incorporation of railroad companies (Ill. Rev. Stat. 1945, chap. 114, par. 20,) authorizes railroad corporations "To take and hold such voluntary grants of real estate and other property as shall be made to it, in aid of the construction and use of its railway, and to convey the same when no longer required for the uses of such railway, not incompatible with the terms of the original grant." This power has been construed by this court as authorizing railroad corporations to take title in fee simple to lands conveyed to it. *Rockford Trust Co.* v. *Moon,* 370 Ill. 250; *Spierling* v. *Ohl,* 232 Ill. 581.

It will be noted that the powers granted to The Cairo & Vincennes Railroad Company to acquire and hold real estate, by the special act by which it was created, were broader than the provisions of said general act, under which this court has definitely held a railroad company is authorized to acquire fee-simple title to lands to be used for its right of way.

It is our conclusion that the deed from Ornamil H. Keen, dated January 4, 1872, conveyed fee-simple title to The Cairo & Vincennes Railroad Company to the strip of land one hundred feet in width described therein, and that

The Cleveland, Cincinnati, Chicago & St. Louis Railway Company is now the owner of said land in fee. The court erred in the entry of the decree from which the appeal was taken.

The decree of the circuit court of Wabash county is reversed and the cause is remanded to that court with directions to enter a decree dismissing the suit for want of equity.

*Reversed and remanded, with directions.*