JOHN D. SOWERS *et al.*, Plaintiffs-Appellants, v. ILLINOIS CENTRAL GULF RAILROAD COMPANY, Defendant-Appellee.

Fifth District   No. 5—85—0344

Opinion filed January 22, 1987.

WELCH, J., dissenting.

Lawrence Eaton, of Eaton, Eaton & Tomaw, of Newton, for appellants.

John H. Armstrong, Richard F. Record, Jr., and Kenneth D. Peters, all of Craig & Craig, of Mattoon, for appellee.

JUSTICE JONES delivered the opinion of the court:

The plaintiffs filed the instant quiet title action seeking a declaration that certain deeds to a railroad company, the defendant's predecessor in title, conveyed an easement only, which had been terminated by abandonment. The trial court granted judgment on the pleadings for the defendant railroad, finding that the deeds conveyed fee simple title to the property in question. On appeal by the plaintiffs, we affirm.

In about 1877 the Grayville & Mattoon Railroad Company built a railroad in Jasper County which was later acquired by the defendant, Illinois Central Gulf Railroad Company. The railroad was subsequently abandoned between the city of Newton and the northern edge of Jasper County. It is the property formerly used by the railroad as its right-of-way between these two points that is the subject of the plaintiffs' quiet title action.

The trial court's determination regarding whether the railroad had a fee simple interest or an easement only in the subject property depended, as ours must, upon a construction of the deeds by which

the railroad's right-of-way was acquired. There are 28 deeds involved in this appeal, 27 of which are substantially identical except for minor variations and except for the legal descriptions, names of grantors, dates, and similar information particular to each parcel. The 27 similar deeds, omitting these variations, read as follows:

"THIS INDENTURE, Made this the ___ day of _____, 187___, by and between _____ party of the first part, and the GRAYVILLE & MATTOON RAILROAD COMPANY, party of the second part,

WITNESSETH, That the said party of the first part, *for and in consideration of the advantages which may and will result to the public in general,* and to the party of the first part in particular, *by the construction of the GRAYVILLE & MATTOON RAILROAD,* and also in consideration of the sum of _____ Dollars to the said party of the first part, paid by the said party of the second part, the receipt of which is hereby acknowledged, has *sold, remised, released and conveyed* to said Grayville & Mattoon Railroad Company, their successors, assigns, or transferees, a *strip of land* _____ wide, *through, across, over and upon* the following described tract of land, lying and being in the County of Jasper and State of Illinois, viz.:

*together with the timber, stone or other materials upon the same* _____. The said strip of land, _____ feet in width, being the same on which the said party of the second part has surveyed and located, and *are about to construct their Railroad,* as the same has been surveyed and located, *together with the said timber, stone and other material* upon the same and to the same belonging,

TO HAVE AND TO HOLD the same unto the party of the second part, their successors, transferees or assigns, to their sole use and benefit *for the purpose aforesaid,* free from all claim of Homestead under the laws of this State, or right as Dower, forever.

IN TESTIMONY WHEREOF, _____ have hereunto _____ hand and seal, this the ___ day of _____, A.D. 187___." (Emphasis added.)

The remaining deed is in a similar form and reads as follows:

"THIS INDENTURE WITNESSETH THAT The Grantors, George W. Sutton and Viola, his wife of the _____ in the County of Jasper and State of Illinois for and in consideration of the sum of Thirty Dollars in hand paid, *CONVEY and WAR-*

*RANT* to the Peoria Decatur and Evansville Railway Company of the _____ County of _____ and State of Illinois the following described Real Estate, to-wit:

> Thirty-Three (33) feet in width *over and across* the West side of the South East quarter of the South West quarter of Section Thirty (30) Town Eight (8), North Range Ten (10) East Third (3) P.M. *being the right of way*, as now occupied by said Railway Company,

situated in the County of Jasper, in the State of Illinois, hereby releasing and waiving all rights under and by virtue of the Homestead Exemption laws of this State.

DATED this Ninth day of August A.D. 1883." (Emphasis added.)

In urging that these deeds be construed as the grant of an easement only and not a fee simple, the plaintiffs contend that certain provisions of the deeds, as emphasized in the above quotations, evidenced an intent by the grantors to convey a surface use only of the subject property rather than an interest in fee. It is settled that the cardinal and all-important rule in construing such deeds is to ascertain the intention of the parties. The deeds should be construed so as to carry out this intention as gathered from the instruments as a whole, and every word and clause within the instruments should be considered and, if possible, given effect. *Keen v. Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.* (1945), 392 Ill. 362, 64 N.E.2d 499; *Tallman v. Eastern Illinois & Peoria R.R. Co.* (1942), 379 Ill. 441, 41 N.E.2d 537.

The plaintiffs assert preliminarily that the 27 similar deeds were not in statutory form and thus were not intended to convey fee simple title. As noted by the trial court, the policy of law set forth by section 13 of the Conveyances Act (Ill. Rev. Stat. 1877, ch. 30, par. 13, now Ill. Rev. Stat. 1985, ch. 30, par 12) is to vest each grantee with fee simple title unless a contrary intent is clearly expressed. (See *Hempstead v. Hempstead* (1918), 285 Ill. 448, 120 N.E. 782.) Section 9 of the Act (Ill. Rev. Stat. 1877, ch. 30, par. 9, now Ill. Rev. Stat. 1985, ch. 30, par. 8), to which the plaintiffs refer, provides in substance that a deed using the words "convey and warrant" shall be deemed a conveyance in fee simple. This section, however, is to be construed with section 13 (*Tallman v. Eastern Illinois & Peoria R.R. Co.* (1942), 379 Ill. 441, 41 N.E.2d 537), which provides:

> "Every estate in lands which shall be granted, *conveyed* or devised, although other words heretofore necessary to transfer an estate of inheritance be not added, shall be deemed a fee

simple estate of inheritance, if a less estate be not limited by express words, or do not appear to have been granted, conveyed or devised by construction or operation of law." (Emphasis added.) (Ill. Rev. Stat. 1877, ch. 30, par. 13, now Ill. Rev. Stat. 1985, ch. 30, par. 12.)

Thus, while the deeds in question do not contain the words "convey and warrant" so as to be a conveyance in fee simple under section 9, use of the granting language "conveyed" results in a presumption under section 13 that a fee simple estate was intended absent limitation to a lesser estate by express words or construction of law. This court, then, must consider every word and clause within the instruments to determine whether a grant of less than a fee simple estate was intended. *Keen v. Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.* (1945), 392 Ill. 362, 64 N.E.2d 499; *Tallman v. Eastern Illinois & Peoria R.R. Co.* (1942), 379 Ill. 441, 41 N.E.2d 537.

In our recent decision of *McVey v. Unknown Shareholders of Inland Coal & Washing Co.* (1981), 100 Ill. App. 3d 584, 586, 427 N.E.2d 215, 217, this court set forth the applicable principles of construing deeds to determine if an easement or fee was intended:

> "The question whether a particular deed to a railroad company conveys a fee or an easement requires construction of the instrument to determine whether the granting clause conveys a designated strip or piece of land, or whether it refers to a right or privilege with respect to the described premises. [Citation.] In those instances in which the deed to the railroad conveys a definite strip or parcel of land with no language in the deed relating to the use or purpose of the grant or no language limiting the estate conveyed, the deed will be construed to convey a fee simple title. However, if the deed refers to a right-of-way to the railroad, particularly in its granting clause, then the deed will invariably be construed to convey an easement rather than a fee. [Citations.] Even when the deed purports to grant a strip, piece, or parcel of land, but contains additional language referring to a right-of-way, the courts have held that the deed conveyed a mere easement rather than a title in fee. [Citation.]"

In *McVey* the deed in question was captioned "Deed for Right-of-way" and contained several references in the body of the deed to the conveyance of a "right-of-way." The court found, in accordance with the intent evidenced by this language, that the deed conveyed easement rights only.

While, in the instant case, the 27 similar deeds contain no refer-

ences to the grant of a "right-of-way," the plaintiffs contend that language in the deeds stating the purpose of the grants to be for the construction of a railroad evidenced an intent to convey easement rights only. The first such reference occurs in the clause stating the consideration for which the grant was made:

> "WITNESSETH, That the said party of the first part, for and in consideration of the advantages which may and will result to the public in general, and to the party of the first part in particular, by the construction of the GRAYVILLE & MATTOON RAILROAD, and also in consideration of the sum of _____ Dollars to the said party of the first part, paid by the said party of the second part ***."

■ The court in *Keen* construed similar language in determining whether the deed in question expressed a limitation of the estate conveyed. The court found that it did not, stating:

> "The clause under consideration is merely the expression of the considerations which prompted the grantor to execute the deed, the considerations or the conditions which moved or animated the grantor to make the deed. It does not purport to be a limitation on the estate conveyed." (*Keen v. Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.* (1945), 392 Ill. 362, 369, 64 N.E.2d 499, 503.)

The *Keen* court distinguished the language of purpose contained in the deed construed in *Tallman*. There, the words "as and for its right of way" were used as part of the description of the estate conveyed and thus expressed an intention to grant a right-of-way over the land conveyed. In *Keen*, however, words that were merely expressive of the purpose animating the grantor in making the conveyance did not limit the estate conveyed. In the instant case we find, as did the trial court, that *Keen* is controlling on this issue and that the language of purpose in the consideration clause cannot be construed to limit the estate conveyed.

■ The plaintiffs contend additionally that language of purpose following the description of the land conveyed in the 27 similar deeds expressed an intent to limit use of the land to railroad purposes. This language reads:

> "The said strip of land, _____ feet in width, being the same on which the said party of the second part has surveyed and located, and are about to construct their Railroad, as the same has been surveyed and located ***."

We find, as did the trial court, that while this language showed an intent to locate a railroad on the strip of land conveyed, the language in

no way limited the use of this land to railroad purposes. Rather, as stated by the *Keen* court in discussing a similar reference to a survey or location of the railroad involved, these words "refer, not to the estate conveyed, but to the location and description of the land." (*Keen v. Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.* (1945), 392 Ill. 362, 372, 64 N.E.2d 499, 504.) Likewise, the language here served merely to locate the land on which the railroad would be constructed and "expresse[d] no intention to limit the estate conveyed to less than an estate in fee simple." 392 Ill. 362, 372, 64 N.E.2d 499, 504.

■ The third reference to railroad purposes in the 27 similar deeds, which the plaintiffs contend showed an intention to convey an easement only, is contained in the habendum clause, which states:

> "TO HAVE AND TO HOLD the same unto the party of the second part, their successors, transferees or assigns, to their sole use and benefit for the purpose aforesaid, free from all claim of Homestead under the laws of this State, or right as Dower, forever."

The plaintiffs interpret this language to mean that the sole use of the land conveyed was for railroad purposes. We believe, however, that this constitutes a misreading of the *habendum* clause, which states that the grantee is to have the sole use and benefit of the property forever rather than that there exists a sole use to which the grantee must put the land conveyed. While reference is made to the purpose of the grant as enabling the grantee to construct a railroad on the subject property, this did not limit the estate conveyed to be a mere easement for use as a railroad right-of-way. We find, as did the trial court, that the deeds placed no restriction on the use of the land by the grantee, and we accordingly reject the plaintiffs' contention that this language indicated the grant of an easement only.

The cases cited by the plaintiffs in which deeds containing language of purpose were found to convey an easement only are, like *Tallman*, distinguishable from the instant case. In *Magnolia Petroleum Co. v. West* (1940), 374 Ill. 516, 30 N.E.2d 24, the grantor conveyed a strip of land "to be used for road purposes." The court found that this language disclosed an intention to grant merely a right-of-way for the use stated. The deeds in the instant case, which refer only to the construction of a railroad, contain no such words prescribing the use of the land conveyed and, thus, fail to disclose a similar intention to limit the estate granted to an easement.

The case of *Texas Co. v. O'Meara* (1941), 377 Ill. 144, 36 N.E.2d 256, is likewise distinguishable from the instant case in that the deeds there construed as the grant of an easement only contained an ex-

press conveyance of a "right of way" to a drainage district. As discussed above, the 27 similar deeds here contained no such grant of a "right of way" and cannot be construed as the conveyance of an easement on that basis.

■ In addition to the language of purpose relied upon by the plaintiffs to indicate an intention to grant an easement, the plaintiffs contend that the description of land conveyed in the 27 similar deeds denoted a surface use only of the property rather than an estate in fee. The deeds conveyed:

> "a strip of land _____ wide, through, across, over and upon the following described tract of land, lying and being in the County of Jasper and State of Illinois, viz.: [legal description]"

The trial court found it untenable that the phrase "a strip of land" could be said to imply an easement, quoting *Keen*:

> "The word 'land' has a definite legal meaning *** '[and], in its legal signification, comprehends any ground, soil, or earth whatever[.] [I]t also has an indefinite extent upwards as well as downward.' [Citation.] A deed conveying to a railroad company 'a strip of land,' in the absence of any limitation in the deed upon the estate conveyed, conveys fee-simple title to the 'strip of land' described. [Citation.]" *Keen v. Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.* (1945), 392 Ill. 362, 371, 64 N.E.2d 499, 503-04.

The plaintiffs assert, however, that the words "through, across, over and upon" that follow the grant of a "strip of land" describe a surface use only of the land in question and thus limit the estate conveyed to less than a fee simple. In discussing this contention the trial court observed:

> "[T]he words 'through,' 'across,' 'over,' 'upon' [*sic*], as used in the instruments in question, are used in the conjunctive, being joined by the conjunction 'and.' As a result, a proper construction must require the occurrence of all four terms simultaneously in time and space. The preposition 'through' is defined in *Webster's Seventh New Collegiate Dictionary* as 'in at one side or point and out at another, especially the opposite side of.' An example is provided with the definition, i.e. 'drove a nail through a board.' The term 'through' does not imply a surface usage as the plaintiffs argue."

The court found further that while the four prepositions were included in the instruments as a limitation, they were not a limitation on the use of the land conveyed but were rather a limitation of a smaller parcel of land from a larger tract.

We agree with the trial court's reasoning that inclusion of the phrase "through, across, over and upon" did not serve to limit the conveyance of "land" to use of the surface only. Unlike *Tallman* and *McVey* in which deeds containing the words "over and across" and "over and through" were construed as the conveyance of an easement only, the instant deeds did not purport to limit the estate conveyed to use as a railroad right of way. (*Cf. Kynerd v. Hulen* (5th Cir. 1925), 5 F.2d 160 (conveyance of strip of land "through and over" described premises did not indicate intention to convey easement but merely provided that land conveyed should extend through larger tract); see also *Nesral Production Co. v. St. Louis, B. & M. Ry. Co.* (Tex. Civ. App. 1935), 84 S.W.2d 805 (words "through, over, across and upon" indicated grant unlimited perpendicularly as well as grant marked off laterally, giving railroad fee simple title to land).) Thus, the language in question was insufficient to limit the estate conveyed to less than a fee simple, and the deeds cannot be construed as the conveyance of an easement on that basis.

▮ The plaintiffs contend finally that language in the 27 similar deeds that specifically conveyed the "timber, stone or other materials" upon the strip of land indicated that an easement was intended since it would have been unnecessary otherwise to make such an express conveyance. The trial court, finding this to be the plaintiffs' strongest argument, considered the second such reference in the deeds, which reads:

> "together with the said timber, stone and other material upon the same *and to the same belonging*." (Emphasis added.)

The court, noting that the word "same" applied to the strip of land conveyed, found that the words "and to the same belonging"

> "show[ed] that the grantor(s) and grantee of said deeds recognized that the 'timber, stone and other material upon' the strip of land belonged to and passed with the title to said strip of land even if this surplus reference to 'the said timber, stone and other material' had not been included."

The court concluded, therefore, that the language "together with the timber, stone and other materials upon the same"

> "[was] surplusage, and was recognized by the parties to said deeds as surplusage, and neither expanded nor limited that which had been previously described in said deeds."

We find this reasoning by the trial court to be persuasive and accordingly adopt its conclusion that such language did not indicate an intent to create an easement. We note additionally that while a specific grant of timber, stone, or earth may be a factor indicating that

an easement was intended when a deed contains other provisions to that effect, such as reference to a "right-of-way" or language limiting use of the land for railroad purposes (see Annot., 6 A.L.R.3d 973, secs. 7, 6(b) (1966)), it has been held generally:

"[W]here a deed purports to convey a fee simple in its granting clause, and there is elsewhere no reference to 'right of way' or a statement that the conveyance is for a railroad purpose, the deed passes a fee simple title, notwithstanding additional provisions relating to removal or use of stone, earth, or timber ***. *Gabbard v. Short* (Ky. App. 1961), 351 S.W.2d 510." (Annot., 6 A.L.R.3d 973, 1013, (1966).)

Since, as discussed above, the deeds here contained no other provisions indicating the grant of an easement, reference to "timber, stone or other materials" in the deeds failed to limit the estate conveyed to an easement only.

■ Turning to a consideration of the remaining deed at issue in this appeal, the plaintiffs contend that the specific reference to a "right of way" as well as the words "over and across" contained in the deed affected the grant of an easement only. As the trial court noted, however, this deed was in statutory form for a warranty deed, containing the words "convey and warrant," and thus constituted the conveyance of a fee simple under section 9 of the Conveyances Act (Ill. Rev. Stat. 1877, ch. 30, par. 9, now Ill. Rev. Stat. 1985, ch. 30, par. 8). The specific reference to a right-of-way in the deed, moreover, did not limit the grant of land to that purpose but, rather, identified the location of the land conveyed. This reference was included in the legal description of the land, as follows:

"Thirty-three (33) feet in width over and across the West side of the South East quarter of the South West quarter of Section Thirty (30) Town Eight (8) North Range Ten (10) East Third (3) P.M. *being the right of way*, as now occupied by said Railway Company, situated in the County of Jasper in the State of Illinois." (Emphasis added.)

It is settled that the term "right-of-way" has a twofold significance,

"being sometimes used to mean the mere intangible right to cross, *** and often used to otherwise indicate that strip of land which a railroad appropriates to its own use, and upon which it builds its roadbed." (Black's Law Dictionary 1489 (4th ed. rev. 1968); see 77 C.J.S. *Right* 390, at 394 (1952).)

As used in the deed in question, the term "right-of-way" had this latter meaning and denoted only that strip of land then occupied by the

grantee railroad company as its roadbed. Reference to the right-of-way thus served to locate the strip of land conveyed out of a larger tract. Further, use of the words "over and above" in this context was consistent with the description of the right-of-way. Since the instant deed was in the statutory form of a general warranty deed and purported to convey a fee simple, it must be so construed despite use of the term "right-of-way" in the description of the property conveyed. (See 74 C.J.S. *Railroads* sec. 84, at 475 (1951); 65 Am. Jur. 2d *Railroads* sec. 77, at 389 (1972); see also *Dossett v. New Orleans Great Northern R.R. Co.* (Miss. 1974), 295 So. 2d 771.) The trial court, therefore, properly found that the deed conveyed fee simple title to the property in question and not an easement only.

For the reasons stated in this opinion we affirm the judgment of the circuit court of Jasper County.

Affirmed.

HARRISON, J., concurs.

JUSTICE WELCH, dissenting:

I would reverse the judgment of the circuit court as to the 28 deeds. I believe those deeds conveyed easements which reverted to plaintiffs upon abandonment by the railroad.

I first discuss the 27 similar deeds: A deed should be construed so as to carry out the intention of the parties as gathered from the instrument as a whole, and every word and clause within the instrument should be considered and, if possible, given effect. (*Keen v. Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.* (1945), 392 Ill. 362, 368, 64 N.E.2d 499, 502.) This court has stated that a deed to a railroad will be construed as conveying only an easement, unless there is "no language in the deed relating to the use or purpose of the grant or no language limiting the estate conveyed." (*McVey v. Unknown Shareholders of Inland Coal & Washing Co.* (1981), 100 Ill. App. 3d 584, 586, 427 N.E.2d 215, 217.) Application of these principles to the 27 deeds in this case requires the conclusion that the instant deeds were intended to convey easements only. If each of the 27 deeds were intended to convey a fee, then why mention repeatedly that the purpose of the conveyance is to permit construction of a railroad? What the grantee intended to do once it had the benefit of the conveyance was irrelevant in the context of the deed if a fee was intended. Thus the majority interprets the repeated references in each deed to the purpose of the grant as surplusage. *Keen* teaches us that

such a conclusion is generally improper with respect to deeds in general; *McVey* teaches that it is usually inappropriate with respect to grants to railroads in particular.

Focusing on the word "through," the majority rejects plaintiffs' argument that the phrase "through, across, over and upon" was intended to show a conveyance of surface use only as opposed to a vertical estate. In my opinion "through" connotes a passage through the portion of those estates which existed above the ground (see *Keen v. Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.* (1945), 392 Ill. 362, 371, 64 N.E.2d 499, 503-04 (which recognizes that an estate in lands has an indefinite upward and downward extent)) rather than passage through a solid object. The use of the phrase "through, across, over and upon" is thus consistent with the view that only an easement was intended, particularly when that phrase is viewed in conjunction with the repeated references in the deeds to the sole purpose for the grant.

The majority also rejects plaintiffs' argument that the language specifically conveying the timber, stone, or other materials upon the strip of land to the railroad was unnecessary in the context of an absolute conveyance and further demonstrates that only an easement was intended. The trial court found this language to be surplusage, and despite *Keen* and *McVey* a majority of this court finds that reasoning persuasive. There was no reason to mention the timber and other materials on the strip of land if the conveyance was of a fee, and the majority recognizes this by deeming that language surplusage. The more reasonable interpretation is that the railroad needed the additional grant of materials because all it received otherwise was an easement. The latter view renders the reference to timber and other materials harmonious with the other language in the deeds, particularly the multiple references to the purpose of the easement.

Another point overlooked by the majority is that the first sentence of each of the 27 deeds recites as partial consideration "the advantages which may and will result to the public in general" from construction of the railroad. This sheds further light on the intentions of the parties to the conveyances. As that recitation acknowledges, the expected benefit arises not from the conveyance itself but from the use of the land for the purpose recited again and again therein.

I also disagree with the trial court and the majority of this court regarding the 28th deed. The 28th deed specifically refers to the right of way of the railroad. As noted in *McVey*, a deed to a railroad should "invariably" be construed as conveying only an easement if the deed refers to the right of way, and this reference need not be in the grant-

ing clause. (*McVey v. Unknown Shareholders of Inland Coal & Washing Co.* (1981), 100 Ill. App. 3d 584, 586, 427 N.E.2d 215, 217.) As the majority notes, the deed was in the statutory form of a general warranty deed; however, to construe it as the majority does is to permit the general form of the 28th deed to control and govern its particular terms.

The majority of this court in essence concludes that grants to railroads create fees unless the magic words "easement" and "right of way" are on the deed. I do not believe that is the law. I would reverse the judgment and hold title reverted to plaintiffs on abandonment of the right of way by the railroad.