THE PENN CENTRAL CORPORATION, Plaintiff-Appellee, v. COMMONWEALTH EDISON COMPANY, Defendant-Appellant.

Third District No. 3—86—0534

Opinion filed August 12, 1987.

Richard F. Nelson, of Rooks, Pitts & Poust, of Chicago, for appellant.

R. Henry Kleeman, of Wildman, Harrold, Allen & Dixon, of Chicago, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

Plaintiff, The Penn Central Corporation (Penn Central), brought an action against defendant, Commonwealth Edison Company (Edison), to quiet title to a strip of land located in Will County, Illinois. The trial court granted Penn Central's motion for summary judgment and denied Edison's cross-motion for summary judgment. Edison appeals.

The strip of land in dispute was originally conveyed to the Oswego and Indiana Plank Road Company (Oswego) pursuant to an indenture executed by Mary Bevington. The Bevington deed was recorded on February 27, 1854, in the office of recorder of deeds of Will County. Oswego has been succeeded in turn by the Joliet and Northern Indiana Railroad Company, the Michigan Central Railroad Company and Penn Central.

Edison is the record owner of two tracts of land directly abutting to the north and south, respectively, the strip of land in dispute. After Penn Central removed the railroad lines running over the strip of land, Edison filed an affidavit with the recorder of deeds, Will County, seeking to have the Will County tax assessor tax Edison on the strip of land.

On July 30, 1985, Penn Central filed a complaint against Edison to quiet title to the strip of land. The trial court granted Penn Central's motion for summary judgment; finding that the deed between Mary Bevington and Oswego conveyed a fee simple interest and that Penn Central is the successor in interest and title to the rights of the Oswego and Indiana Plank Road Company in the subject property.

Edison argues on appeal that the Bevington deed conveyed only an easement for railroad purposes to Penn Central's predecessor in interest. Edison claims that the language in the Bevington deed "for the purpose of enabling said Company to construct their said Road" establishes that only an easement for railroad purposes was conveyed and that it was the intention of the parties to convey only an easement for railroad purposes. Edison also claims that the use of the words "over," "across," and "through" in the deed, the lack of words of inheritance, and the lack of language indicating that a fee is being conveyed support their claim that the deed only conveyed an easement.

The Bevington deed provides in relevant part:

> "Whereas the said party of the second part is desirous of constructing a Rail Road under this charter, over that portion of said Road extending Eastwardly from the City of Joliet, in Will County to the boundary line between the States of Illinois and Indiana.
>
> * * *
>
> This Indenture therefore Witnesseth, that for the purpose of enabling the said Company to construct their said Road, and also in consideration for the sum of Eight hundred dollars, Lawful money, in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, have

granted, bargained, sold, released and conveyed, and by these presents, do grant, bargain, sell, release and convey to the said party of the second part, their successors and assigns, Forever, all and each of these certain pieces and parcels of land \*\*\*.

\* \* \*

\*\*\* A strip of land one hundred (100) feet wide being fifty (50) feet on each side of the centre [*sic*] line of the Rail Road of said Company as now surveyed and located so far as center line around, over and through said tracts, said centre [*sic*] line being described as follows \*\*\*."

■■ ■ Whether a particular deed to a railroad company conveys a fee or an easement requires construction of the instrument to determine whether the granting clause conveys a designated piece of land or whether it refers to a right or privilege with respect to the piece of land. (*McVey v. Unknown Shareholders of Inland Coal & Washing Co.* (1981), 100 Ill. App. 3d 584, 427 N.E.2d 215.) The cardinal and all-important rule in construing such deeds is to ascertain the intention of the parties. The deed should be construed so as to carry out this intention as gathered from the instrument as a whole. When a deed conveys a strip or piece of land to a railroad with no language in the deed limiting the estate conveyed, the deed will be construed to convey a fee simple title. *Keen v. Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.* (1945), 392 Ill. 362, 64 N.E.2d 499.

The Illinois Supreme Court in *Keen* construed a deed very similar to one issue in the case at bar. The deed in *Keen* stated in relevant part:

"[F]or and in consideration of the advantages which may result to the public in general, and myself in particular, by the construction of The \*\*\* Railroad, and for the purpose of facilitating the construction and completion of said work, and in further consideration of One Dollar, in hand paid by the \*\*\* Railroad Company, do hereby release, relinquish and forever quitclaim to the said company, a piece of land one hundred feet in width, being fifty feet on the east side, and fifty feet on the west side of the center of the line heretofore surveyed and established by the \*\*\* Railroad Company for so much of said \*\*\* Railroad as may pass through the following described land \*\*\*." (392 Ill. 362, 367, 64 N.E.2d 499, 502.)

The court in *Keen* held that this deed conveyed fee simple title to the land because of the language used and because there were no limitations on the estate conveyed.

■ The plaintiff argues that the language in the Bevington deed,

"for the purpose of enabling said Company to construct said Road," indicates that only an easement for railroad purposes was intended to be conveyed. The plaintiffs in *Keen* made a similar argument claiming that the language in that deed, "for the purpose of facilitating the construction and completion of said work," indicated an intention to convey only an easement. The supreme court in *Keen* rejected this argument finding that the language was merely a recital of the consideration for the deed and that it did not purport to be a limitation on the estate conveyed. We find the "for the purpose of" language in the instant case to be merely expressive of the purpose which motivated the grantor to make the conveyance. This prefatory language does not purport to limit the estate conveyed; therefore, plaintiff's claim that this language indicates an intent to convey only an easement is without merit. See *Sowers v. Illinois Central Gulf R.R. Co.* (1987), 152 Ill. App. 3d 163, 503 N.E.2d 1082.

■ Plaintiff also contends that the Bevington deed conveys an easement because of the use of the words "over," "across," and "through" the tract of land. Plaintiff contends that like the deed in *Tallman v. Eastern Illinois & Peoria R.R. Co.* (1942), 379 Ill. 441, 41 N.E.2d 537, the description in the Bevington deed is that of a center line easement. The language used in the *Tallman* deed, however, is clearly distinguishable from the language in the Bevington deed. In *Tallman*, the deed was entitled "Right of Way Deed" and specifically conveyed land to the grantee railroad "for its right of way." (379 Ill. 441, 443, 41 N.E.2d 537, 538-39.) If a deed refers to a right-of-way, particularly in its granting clause, then the deed will invariably be construed to convey an easement rather than a fee. (*McVey v. Unknown Shareholders of Inland Coal & Washing Co.* (1981), 100 Ill. App. 3d 584, 586, 427 N.E.2d 215, 217.) Here, the phrase "right-of-way" does not appear anywhere in the deed; therefore, *Tallman* is inapposite. We find that the use of the words "over," "across," and "through" is merely descriptive of the estate conveyed and does not constitute a limitation on the use of the land. In addition, we find that the other language in the deed, such as the phrase "a strip of land," is clear and unambiguous in purporting to convey the land itself in fee simple. See *Keen v. Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.* (1945), 392 Ill. 362, 64 N.E.2d 499.

■ Plaintiff next contends that the use of language "their successors and assigns, Forever" also supports a finding that only an easement was conveyed because this language is not the proper language of inheritance for a fee simple. Plaintiff's claim is misplaced, however, because at common law a grant to a corporation did not need words

of succession or inheritance to convey a fee simple interest. 28 Am. Jur. 2d Estates sec. 15 (1966).

We conclude that the Bevington deed conveyed a fee simple title to Oswego and Indiana Plank Road Company and that Penn Central is now the owner of the land as the successor in interest. Due to our disposition of the first issue, we need not reach the second issue raised by the plaintiff, *i.e.*, whether upon abandonment of the alleged easement, Edison's title in the abutting property extended into the strip of land burdened by the alleged easement.

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

HEIPLE and SCOTT, JJ., concur.