RICHARD URBAITIS *et al.*, Plaintiffs-Appellants, v. COMMONWEALTH EDISON *et al.*, Defendants-Appellees.

Second District   No. 2—88—0633

Opinion filed March 19, 1989.

Stephen M. Cooper and Richard L. Cooper, both of Cooper, Hochberg, Storm & Petesch and Marc E. Webbles, both of Geneva (Peter M. Storm, of counsel), for appellants.

Peter K. Wilson, Jr., and Steven Sullivan, both of Puckett, Barnett, Larson, Mickey, Wilson & Ochsenschlager, of Aurora (Donald C. Bevins, of counsel), for appellees.

JUSTICE WOODWARD delivered the opinion of the court:

Plaintiffs, a group of property owners, appeal from the trial

court's dismissal of their second amended complaint, which sought to quiet title and to prevent trespass to a strip of land 100 feet in width commonly known as the former Chicago, Aurora and Elgin Railway right-of-way located in Geneva, Illinois. Both plaintiffs and the defendants, Commonwealth Edison (Edison) and its successor in interest, Kane County Forest Preserve District (District), claim title to this strip of land through a deed executed in 1909 by Benjamin W. Dodson.

Initially, defendants moved to dismiss the first amended complaint for failure to state a cause of action. Relying on this court's decision in *Schnabel v. County of Du Page* (1981), 101 Ill. App. 3d 553, the trial court held that the heirs of Benjamin Dodson, not the adjoining landowners, would hold title to the abandoned right-of-way. The trial court dismissed the first amended complaint, reasoning that, even if the Dodson deed (deed) granted only an easement for right-of-way purposes and assuming the abandonment of the right-of-way use, plaintiffs would not have acquired title to the 100-foot strip of property (subject property).

Thereafter, plaintiffs located the surviving heirs of Benjamin Dodson and purchased their interests in the subject property. A second amended complaint was then filed alleging that plaintiffs had title both as adjoining landowners and as successors to Benjamin Dodson's interest.

Each of the defendants then moved to dismiss the second amended complaint alleging the plaintiffs' failure to state a cause of action. The trial court construed the nonspecified motions to be section 2—615(e) motions (Ill. Rev. Stat. 1985, ch. 110, par. 2—615(e)) for judgment on the pleadings and dismissed the second amended complaint with prejudice without an evidentiary hearing. The court below found that as a matter of law, the Dodson deed conveyed a fee simple estate to the railroad rather than a right-of-way easement and entered an order dismissing the second amended complaint. This appeal followed. We reverse and remand for an evidentiary hearing as hereinafter provided.

Whether the Dodson deed conveyed a fee simple or a right-of-way easement is critical in this case. If a fee simple was conveyed by said deed, this interest passed down to the various owners, ending in Edison and District; on the other hand, if only a right-of-way easement was granted by the Dodson deed, the ownership of the subject property would vest in the plaintiffs, as successors of the Dodson heirs.

On appeal, plaintiffs raise three issues, namely: (1) the trial court erred in granting judgment on defendants' motion attacking the

pleadings because there were issues of material fact to be determined; (2) the trial court erred in finding the Dodson deed conveyed a fee simple estate rather than a right-of-way easement; and (3) public policy prohibits or disfavors the creation or conveyance of a fee simple estate in a narrow strip of land to a railroad. Because of our decision regarding the first issue, it is not necessary to address the other issues raised.

Since the trial court entered judgment in favor of the defendants pursuant to the motions of the defendants, which were construed as motions pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615), it first becomes necessary to examine in detail the facts alleged in the second amended complaint. Plaintiffs allege that they are owners of residential properties in the City of Geneva which abut the subject property, which is a 100-foot by 2,713-foot strip of land formerly used as an interurban railroad right-of-way. The railroad ceased operation of the railroad in 1946 and thereafter conveyed its interest in the subject property to Western United Gas and Electric Company. Defendant Commonwealth Edison Company is the successor in interest to the Western United Gas and Electric Company and presently uses the subject property for its overhead power transmission lines. Defendant Kane County Forest Preserve District claims the right to use the disputed strip of land for a bike path by virtue of a perpetual easement granted to it by Edison in 1986.

It is further alleged that the subject property runs in an east-west direction from East Side Drive to Illinois Route 25 in the City of Geneva. The property is accessible at either end, *i.e.*, the west opens onto the intersection of Route 25 and Dodson Street, and the east end opens onto East Side Drive, which is a public north-south street.

Originally, the subject property was a part of a larger tract owned by Benjamin Dodson. On May 24, 1909, the Chicago, Wheaton and Western Railway Company filed a condemnation action in the county court of Kane County seeking to condemn certain properties for a proposed right-of-way to connect the City of Geneva with the Chicago, Wheaton and Western Railway branch at West Chicago. The condemnation complaint stated in pertinent part:

> "Your petitioner further shows that it had located its right-of-way, over, upon and across the lands and premises hereinafter described, and that said lands are necessary for the construction and maintenance of its railroad as aforesaid, and your petitioner now seeks to acquire for the purpose of building, constructing, operating and maintaining its said railroad with its

said appurtenances the lands and premises in the County of Kane, State of Illinois, hereinafter described."

Under the Illinois Constitution of 1870, the railroad's condemnation authority was limited to obtaining easements in property to be used for right-of-way purposes. (Ill. Const. 1870, art. II, §13.) The condemnation case was set for trial on July 14, 1909, but it was settled on July 9, 1909, when Benjamin Dodson executed a deed conveying the subject property to the railway.

The deed reads in pertinent part as follows:

"MISCELLANEOUS RECORD

This Indenture, Witnesseth, that the grantor, Benjamin W. Dodson, a widower, of the City of Geneva, Kane County, Illinois, for and in consideration of the sum of Thirty-Five Hundred Dollars ($3500), *conveys and warrants* to Chicago, Wheaton and Western Railway Company, a corporation of the State of Illinois, the following described *real estate,* to-wit:

A piece or parcel of a tract of land situated in ***, said tract being bounded on the West by the River Road and on the East by the St. Charles Road, and containing Fifty-nine (59) acres more or less; said piece or parcel being bounded and described as follows, to-wit:

[Metes and Bounds Description] *containing Six and Twenty-four Hundredths (6.24) acres,* more or less, and constituting a *strip of land* one hundred (100) feet wide and Twenty-seven hundred thirteen (2713) feet long, lying fifty (50) feet on each side of the located center line of the Chicago, Wheaton and Western Railway Company, as now located across said tract and measured at right angles thereto, situated in the County of Kane, State of Illinois, and as shown on the blue print map attached hereto and made part hereof, marked 'Exhibit A', *hereby releasing and waiving all rights under and by virtue of the Homestead Exemption laws of this State and all damages to the above described tract of land not herein conveyed which have or may hereafter be caused by reason of the construction, maintenance and operation of the railroad of said Railway Company on said granted promises, or by reason of any lawful use whatsoever of said granted promises by said Railway Company, its successor and assigns.*

This conveyance is made upon the express conditions:

(1) That said grantee shall construct and maintain, on the lands above described, a grade crossing at a point where East Fourth Street of the City of Geneva, Illinois, would intersect

*said right-of-way* where said street opened and extended across *said right-of-way* and of the full width of said East Fourth Street.

(2) That said grantee shall construct and maintain a culvert underneath its roadbed, of sufficient width and height for the purpose of allowing cattle to pass thereunder at a point near where its *said right-of-way* intersects East First Street of the City of Geneva, Illinois.

(3) This conveyance is made subject to all taxes and assessments levied after the year 1908, and to all existing leases." (Emphasis added.)

From 1909 to 1946, the subject property was used as a part of the interurban line between Geneva and West Chicago, first by the Chicago, Wheaton and Western Railway Company, and later by its successor, the Chicago, Aurora and Elgin Railroad Company. In 1946, the railroad operations over the land ceased, and the tracks were removed. Thereafter, the Chicago, Aurora and Elgin Railroad Company conveyed and quitclaimed all its interest in the subject property to Western United Gas and Electric Company in a deed dated March 1, 1946.

Plaintiffs' second amended complaint alleges that Edison unlawfully claimed title to the subject property by a subsequent conveyance from Western United Gas and Electric Company. On September 8, 1986, Edison as grantee, executed, and delivered to the Kane County Forest Preserve District, as trustee, an indenture giving and granting without warranty, a perpetual easement for purposes of constructing and maintaining a bike path over the subject property. The bike path indenture from Edison describes the property as "the former Chicago, Aurora and Elgin Railroad right-of-way," and contains the many provisions, including the right of Edison to maintain its electrical facilities thereon, and also the following provisions:

"Grantee understands that the title of the Grantor to the premises, in whole or in part, is based on conveyances from the Chicago, Aurora and Elgin Corporation and may be adjudged deficient. Grantee agrees it shall not have any claim against Grantor for damages on account of any deficiency in title of the subject premises, and agrees in the event of failure of such title, the sole remedy of the Grantee shall be to the return of the proportionate share of the consideration which paid, without interest for any period in which Grantee is deprived of possession of the subject premises by superior title to that of the Grantor."

In March 1987, the District began construction of a bike path on the subject property, and plaintiffs filed this action to quiet title and to prevent the alleged trespass. Also, plaintiffs' second amended complaint alleged that the subject property was in the possession of plaintiffs; that they were entitled to possession thereof; and that Edison and the District unlawfully claim title and the right to possession thereof.

Defendant, Commonwealth Edison, filed a motion to dismiss plaintiffs' second amended complaint, stating that it fails to state a cause of action in that the Dodson deed conveyed a fee simple in the subject property and not a right-of-way easement; that plaintiffs would take no ownership in the subject property upon any abandonment by way of their status as adjoining landowners. Defendant, Kane County Forest Preserve District, also filed a motion to dismiss the second amended complaint which adopted the motion of Edison and which further stated that its position as a defendant only pertained to count III which sought injunctive relief and that said relief was dependent first on the alleged trespass asserted against Edison in counts I and II.

Plaintiffs filed a response to Edison's motion to dismiss; it asserted that the motion admitted that plaintiffs acquired an interest in the subject property, in part, by reason of abandonment of the right-of-way easement, but it denied that the interest necessarily arose at the time of abandonment. Plaintiffs' response further asserted the Dodson deed conveyed only a right-of-way based on the language used and the relevant evidence of the surrounding circumstances. Lastly, said response points out that the motion fails to state whether it is brought pursuant to section 2—615 or 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, pars. 2—615, 2—619) but that plaintiffs have deemed that it is a section 2—615 motion. Plaintiffs also filed a response to the motion to dismiss filed by the defendant, Kane County Forest Preserve, which essentially adopts the response to the motion filed by Edison.

The defendants' motions to dismiss and the response of the plaintiffs thereto were heard by the trial court as a section 2—615 motion seeking judgment on the pleadings; the issue was framed by the judge on whether or not the Dodson deed conveyed a railroad right-of-way or a fee simple; the motions to dismiss filed by the defendants were granted; and the case was dismissed with prejudice on April 14, 1988.

Within 30 days, plaintiffs filed a motion to reconsider the judgment of April 14, 1988. This motion reargued most of the points previously made and further asserted that the circumstances surrounding

the execution of a document are relevant to the issue of intention and should be admitted. This motion also called the court's attention to the language heretofore quoted in the agreement between Edison and the District. The trial court heard arguments of counsel and denied the motion to reconsider. Thereafter plaintiffs appealed.

Plaintiffs contend that the judgment of the trial court was improper without first having an evidentiary hearing. The standard of appellate review on this issue was stated by this court in *Teeple v. Hunziker* (1983), 118 Ill. App. 3d 492, 497, as follows:

"On review of an order granting judgment on the pleadings, the appellate court must ascertain whether the trial court correctly determined that no genuine issue as to any material fact was presented by the pleadings and, if there was no such issue, whether judgment was correctly entered."

Analysis of count I of plaintiffs' complaint reveals that there are certain facts that are pertinent to the issues here presented. For example, it is alleged that Chicago, Aurora and Elgin Railroad abandoned the subject property in 1946; there is an allegation in the complaint that the plaintiffs are in possession of the subject property and have improved it with garden plots, landscaping, structures, and plantings; however, there is no evidence as to when and where this occurred or as to when Edison's utility facilities were placed upon the subject property and what, if any, maintenance has Edison provided. The subject property is a parcel of land comprising more than six acres; consequently, taxes were undoubtedly levied and paid by someone. Also, evidence of additional streets, if any, crossing the subject property should be submitted together with the persons or agency involved, if any. These facts and such other facts pertaining to the use, treatment, and condition of the subject property since the railroad ceased operations in 1946 may be relevant to the decision in this case.

Since it is the decision of this court to remand this case for an evidentiary hearing, it is pointed out that the previous finding of the trial court that the Dodson deed conveyed a fee simple interest is correct. Further evidence pertaining to determining the intention of the grantor, Dodson, is unnecessary, as the deed is not ambiguous. (*Tallman v. Eastern Illinois & Peoria R.R. Co.* (1942), 379 Ill. 441, 444; *Tishman Midwest Management Corp. v. Wayne Jarvis, Ltd.* (1986), 146 Ill. App. 3d 684, 689; *Village of Grandview v. City of Springfield* (1984), 122 Ill. App. 3d 794, 797.) The language within the four corners of the deed clearly reveals that Dodson intended to convey a fee simple interest in the subject property. This conclusion is based on the terms used in the deed as follows: (1) the use of the

words "conveys and warrants" in the granting portion; (2) the description is by metes and bounds, and it is further referred to as a strip of land; (3) the use or purpose of the conveyance is not limited to a railroad right-of-way but also provides or by reason of any other lawful use whatsoever of said granted premises; and (4) the use of the term "right-of-way" in describing the two express conditions contained in the deed was used only for the purpose of locating the strip of land conveyed by the grantees as part of a larger tract. *Keen v. Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.* (1945), 392 Ill. 362; *Sowers v. Illinois Central Gulf R.R. Co.* (1987), 152 Ill. App. 3d 163.

Accordingly, the judgment of the trial court is vacated, and this cause is remanded for further proceedings in accordance with this opinion.

Judgment vacated and remanded with directions.

LINDBERG and McLAREN, JJ., concur.

DISSENT UPON GRANTING OF REHEARING

JUSTICE LINDBERG, dissenting:

I joined in the court's granting of the petition for rehearing by defendants-appellees, who essentially prevailed on appeal by reason of our determination that the deed in question was one of fee simple and not one granting only a "right-of-way." Having prevailed on the determinative issue, defendants-appellees, in their petition for rehearing, objected to our remanding the cause for further proceedings.

Defendants reminded this court that plaintiffs' two-count amended complaint was based exclusively upon plaintiffs' contention that the deed was a "right-of-way" deed and did not convey a fee simple. In particular, plaintiffs did not plead ownership of the property pursuant to the doctrine of adverse possession. (See *Joiner v. Janssen* (1981), 85 Ill. 2d 74, 421 N.E.2d 170; see also *In re Application of Du Page County Collector* (1981), 98 Ill. App. 3d 950, 424 N.E.2d 1204.) Defendants further contended that plaintiffs pleaded facts showing that they did not have exclusive possession of the property, exclusive possession being one of the elements of a claim under adverse possession, in that the utility used the property for its overhead power lines and supports in addition to any use for which any plaintiffs may have used the property. Defendants concluded that we erred in remanding the cause for further proceedings. I agree and plaintiffs, in their re-

sponse to defendants' petition for rehearing, have provided no authority to support a remand.

When the trial court strikes a complaint and the plaintiff does not ask leave to amend, this is considered to be an election to stand by the complaint. If the lawsuit is dismissed, the cause of action must stand or fall upon the contents of the stricken pleading. (*Mlade v. Finley* (1983), 112 Ill. App. 3d 914, 445 N.E.2d 1240.) Nonetheless, the granting of a motion to dismiss for failure to state a cause of action should be affirmed on appeal only when no set of facts can be proved *under the pleadings* which will entitle plaintiffs to relief. *Payne v. Mill Race Inn* (1987), 152 Ill. App. 3d 269, 504 N.E.2d 193.

The pleading here was that the deed was for a right-of-way, and we concluded that the judgment of the trial court in dismissing plaintiffs' suit was correct because the deed was one in fee simple. Plaintiffs asserted no facts entitling them to relief under that pleading, nor was there a pleading asserting ownership through adverse possession. The case should not have been remanded.

I conclude that our holding that the deed was for a fee simple disposed of the only issue raised in plaintiffs' pleading. No facts pled or adduced at the hearing supported a claim of ownership pursuant to deed as contended, and, thus, plaintiffs were entitled to no relief.

I no longer adhere to the majority disposition that the judgment be vacated and the cause be remanded with directions. I would simply affirm the judgment of the circuit court.