(Nos. 69216, 69237 cons.—

RICHARD URBAITIS *et al.*, Appellants and Appellees,
v. COMMONWEALTH EDISON *et al.*, Appellees
and Appellants.

*Opinion filed June 20, 1991.*

CLARK, J., took no part.

Richard L. Cooper, Stephen M. Cooper, Peter M. Storm and Marc E. Webbles, of Geneva, for appellants and appellees.

Joseph H. Barnett, Bernard K. Weiler, Irving Ochsenschlager and Constance B. Renzi, of Aurora, for appellee and appellant Commonwealth Edison.

Patrick M. Kinnally, of Aurora, and Stephen Sullivan, of Batavia, for appellee and appellant Kane County Forest Preserve District.

JUSTICE BILANDIC delivered the opinion of the court:

Plaintiffs commenced this action against the defendants in the circuit court of Kane County to quiet title to a parcel of real estate located in Geneva, Illinois. Both parties claim title through a 1909 deed from Benjamin W. Dodson to the Chicago, Wheaton & Western Railway.

A fee simple title is the highest form of estate in land that can be conveyed by a grantor. (E. Grigsby, Illinois Real Property §16 (1948).) A grant of an easement is a substantially lesser estate in land which merely permits a grantee to use a portion of the land for a limited purpose without conveying title to the grantee. E. Grigsby, Illinois Real Property §2351 (1948).

At issue in this case is a parcel of land in Kane County which is 100 feet wide and 2,713 feet long. Plaintiffs' second-amended complaint alleged ownership of this parcel of real estate as successors to the interest of Benjamin Dodson and as adjoining landowners. Defend-

ants, Commonwealth Edison and Kane County Forest Preserve District, moved to dismiss pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). The trial court determined from plaintiffs' complaint, and the Dodson deed that was incorporated therein, that the deed conveyed an estate in fee simple to the railroad. Therefore, defendant Commonwealth Edison acquired a fee simple estate in the chain of title that followed. In addition, the trial court determined that defendant Forest Preserve District is lawfully using the land by a grant of an easement from defendant Commonwealth Edison. Plaintiffs' complaint was dismissed with prejudice.

The appellate court held that the circuit court erred in dismissing plaintiffs' complaint, because a genuine issue of material fact existed regarding the use of the land after 1946. However, in its remand order, the appellate court determined that the Dodson deed conveyed an estate in fee simple to the railroad. 185 Ill. App. 3d 616.

On rehearing, the appellate court majority reconfirmed its previous opinion and judgment. However, one justice revised his original position. His dissent concluded that it was error to remand for further proceedings because the court unanimously decided that the Dodson deed conveyed title in fee simple. This unanimous action concluded the controversy dealing with ownership of the land. The dissent reasoned that the use of the property after 1946 was not relevant in this case, because plaintiffs did not allege ownership of the parcel of land through adverse possession. 185 Ill. App. 3d at 623-24 (Lindberg, J., dissenting).

Plaintiffs filed a petition for leave to appeal the appellate court's finding that the Dodson deed conveyed title in fee simple. Defendants filed a petition for leave to appeal the appellate court's decision to remand this case

for further proceedings. We allowed both petitions (134 Ill. 2d R. 315), and consolidated the causes on appeal.

On a motion to dismiss for failure to state a cause of action, all well-pleaded facts are taken as true. (*Chicago Health Clubs, Inc. v. Picur* (1988), 124 Ill. 2d 1, 7.) Plaintiffs' second-amended complaint alleges that in 1909, Benjamin Dodson was the owner of a tract of land located in Geneva, Illinois, which included a certain parcel measuring 100 feet in width and 2,713 feet in length. In that year, the Chicago, Wheaton & Western Railway Company (C W & W) filed a condemnation action against Dodson seeking to acquire that parcel of land for the purpose of constructing and operating its railroad. Prior to trial in the condemnation action, the parties settled and Dodson conveyed the parcel of land to C W & W. Construction of the Dodson deed is critical to the determination of this case. C W & W subsequently conveyed the land to its successor, the Chicago, Aurora & Elgin Railway Company (C A & E). The land was used for railway purposes until 1946, when C A & E ceased operations of its railway lines on the parcel and removed its rails. On March 1, 1946, C A & E conveyed its interest in the land by quitclaim deed to Western United Gas & Electric Company, which subsequently conveyed its interest to its successor, defendant Commonwealth Edison. Commonwealth Edison currently uses the land for its overhead power transmission lines. In 1986, Commonwealth Edison granted a perpetual easement upon the parcel of land to defendant Kane County Forest Preserve District, for the purpose of erecting and maintaining a bicycle path.

Plaintiffs own the residential properties adjoining the parcel of land and allege that they have improved the land with various structures, lawn ornaments and gardens. Plaintiffs brought this action to have title to the parcel of land quieted in them, contending that the Dod-

son deed conveyed only an easement for railroad purposes, which easement was abandoned in 1946 when railway operations on the land ceased. Plaintiffs claim that title vested in them upon that abandonment by reason of their status as adjoining landowners. Alternatively, plaintiffs contend that upon abandonment of the easement, the land reverted to Dodson's heirs, whose interests have been deeded to plaintiffs. Defendants' theory is that the Dodson deed conveyed an estate in fee simple. Therefore, Commonwealth Edison is vested with title in fee simple and has the power to grant a perpetual easement to the Forest Preserve District.

The parties raise the following issues before this court: (1) whether the Dodson deed conveyed an estate in fee simple or an easement; (2) whether the appellate court erred in remanding the cause to the circuit court in view of its finding that the Dodson deed conveyed title in fee simple; and (3) whether the circuit court erred in dismissing plaintiffs' complaint without an evidentiary hearing.

I

We first address the question of whether the Dodson deed conveyed title in fee simple to the railroad, or whether it merely conveyed an easement for railway purposes. The resolution of this issue turns on the proper construction of the Dodson deed. The Dodson deed provides, in pertinent part:

"This Indenture, Witnesseth, that the grantor, Benjamin W. Dodson, a widower, of the City of Geneva, Kane County, Illinois, for and in consideration of the sum of Thirty-Five Hundred Dollars ($3500), *conveys and warrants* to Chicago, Wheaton and Western Railway Company, a corporation of the State of Illinois, *the following described real estate*, to-wit:

*A piece or parcel of a tract of land* \*\*\*, said tract being bounded on the West by the River Road and on the East by the St. Charles Road, and containing Fifty-nine (59) acres more or less; said piece or parcel being bounded and described as follows, to-wit:

[Metes and bounds description] containing Six and Twenty-four Hundreths (6.24) acres, more or less, and constituting *a strip of land* one hundred (100) feet wide and Twenty-seven hundred thirteen (2713) feet long, lying fifty (50) feet on each side of the located center line of the Chicago, Wheaton & Western Railway Company, as now located across said tract and measured at right angles thereto, situated in the County of Kane, State of Illinois, and as shown on the blue print map attached hereto and made part hereof, marked 'Exhibit A', hereby releasing and waiving all rights under and by virtue of the Homestead Exemption laws of this State, and all damages to the above described tract of land not herein conveyed, which have been or may hereafter be caused by reason of the construction, maintenance and operation of the railroad of said Railway Company on said granted premises, or by reason of any lawful use whatsoever of said granted premises by said Railway Company, its successor and assigns.

This conveyance is made upon the express conditions

(1) That said grantee shall construct and maintain, on the lands above described, a grade crossing at a point where East Fourth Street of the City of Geneva, Illinois would intersect *said right-of-way* were said street opened and extended across *said right-of-way*, and of the full width of said East Fourth Street.

(2) That said grantee shall construct and maintain a culvert underneath its roadbed, of sufficient width and height for the purpose of allowing cattle to pass thereunder at a point near where its said *right-of-way* intersects East First Street of the City of Geneva, Illinois.

(3) This conveyance is made subject to all taxes and assessments levied after the year 1908, and to all existing leases.

In Witness Whereof, said grantor has hereunto set his hand and seal, this 9th day of July, A.D. 1909." (Emphasis added.)

It is well established that in construing a deed, the overriding concern is to ascertain and give effect to the intention of the parties. (*Keen v. Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.* (1945), 392 Ill. 362, 368.) The deed should be construed so as to carry out this intention, as gathered from the instrument as a whole, and every word in the deed should be considered and, if possible, given effect. (*Tallman v. Eastern Illinois & Peoria R.R. Co.* (1942), 379 Ill. 441, 444; *Keen*, 392 Ill. at 368.) Absent an ambiguity in the deed, the intention of the parties must be discerned solely from the language of the instrument, without consideration of extrinsic factors. *Shelton v. Andres* (1985), 106 Ill. 2d 153, 159.

Where a deed uses terminology which in the law of real property has come to have a definite legal meaning, that terminology will be given its legal effect. (*Sauls v. Cox* (1946), 394 Ill. 81, 85.) A deed conveying a definite "parcel" or "strip of land" without language limiting the estate granted shall be deemed to have granted a fee simple estate. (*Keen*, 392 Ill. at 371.) Similarly, the use of the words "convey and warrant" are suggestive of an intention to convey a fee simple estate. (*Tallman*, 379 Ill. at 453.) However, where a deed purports to grant only a "right" in a parcel of land, the estate conveyed is limited to an easement. *Magnolia Petroleum Co. v. West* (1940), 374 Ill. 516, 521.

The granting clause of the Dodson deed conveyed a definite parcel of land and the legal description described the interest conveyed as a "piece or parcel of a tract of

land" and as a "strip of land." Without limiting language, the conveyance of a "parcel" or "strip of land" is deemed to have granted a fee simple estate. *Keen*, 392 Ill. at 371.

The Dodson deed used the words "convey and warrant" in the granting clause and was in the statutory form for a warranty deed under the Illinois Conveyances Act (Ill. Rev. Stat. 1874, ch. 30, par. 8). The Conveyances Act provided that a deed in such form should be deemed to have conveyed a fee simple estate unless a lesser estate appears to have been granted by express words or by construction or operation of law. (Ill. Rev. Stat. 1874, ch. 30, par. 12; see also *Tallman*, 379 Ill. at 445-46.) Thus, in the absence of additional language demonstrating an intent to limit the estate granted, the Dodson deed will be construed to have conveyed a fee simple estate.

Plaintiffs contend that the use of the words "right-of-way" in the conditions clause of the Dodson deed is limiting language that results in the grant of an easement to the railroad. On the other hand, defendants contend that the term "right-of-way" does not detract from or place any limitation on the words "convey and warrant" in the granting clause of the deed. Defendants argue that the term "right-of-way" was used to locate and describe the strip of land where the railroad would build its railway.

The sole references to the term "right-of-way" in the Dodson deed are found in the conditions clause of the deed:

> "This conveyance is made upon the express conditions
>> (1) That said grantee shall construct and maintain, on the lands above described, a grade crossing at a point where East Fourth Street of the City of Geneva, Illinois would intersect *said right-of-way* were

said street opened and extended across *said right-of-way*, and of the full width of said East Fourth Street.

(2) That said grantee shall construct and maintain a culvert underneath its roadbed, of sufficient width and height for the purpose of allowing cattle to pass thereunder at a point near where *its said right-of-way* intersects East First Street of the City of Geneva, Illinois." (Emphasis added.)

After a careful reading of this clause, in conjunction with the remaining language of the deed, we find that the use of the term "right-of-way" was not intended to limit the estate granted. To the contrary, it is clear that the term was used merely as a shorthand reference to the land itself. Reference to "said right-of-way" in the conditions clause of the Dodson deed served only to locate and describe the land on which the railroad and the required improvements were to be constructed. "Right-of-way" was thus used in its capacity of describing and locating that strip of land upon which a railroad builds its railroad bed. See *Sowers v. Illinois Central Gulf R.R. Co.* (1987), 152 Ill. App. 3d 163, 172-73.

The conditions clause in the Dodson deed mandated that the railroad construct certain improvements connected to the operation of its railway. In an effort to locate the point at which these improvements were to be built, the deed refers to the location at which the conveyed land intersects with certain streets. In so doing, the deed labels the conveyed land as "said right-of-way," not to define the estate granted as a right-of-way easement, but rather to provide a shorthand reference to the parcel described in the lengthy legal description. It is of considerable relevance that neither the term "right-of-way" nor any other language purporting to limit the estate appears in the actual granting clause of the deed. Nor does such language appear in any other provision of the deed. We cannot conclude that the incidental use of

the term "right-of-way" in the conditions clause was intended to limit the estate granted to a mere easement.

It is true, as plaintiffs point out, that in a number of cases in which a deed to a railroad contained the term "right-of-way," Illinois courts have held that the deed conveyed an easement. However, there is no *per se* rule that the mere inclusion of the term "right-of-way" in any deed to a railroad negates the possibility that title in fee simple was conveyed. Such a rule would allow form to predominate over substance and would create results that frustrate the otherwise clearly demonstrated intent of the parties. Moreover, those cases in which the intent to convey an easement was discerned, in whole or in part, from the use of the term "right-of-way" did not embrace such a rule. Rather, in each of those cases, the term was not merely referred to, but rather it was clear that a "right-of-way" easement was being conveyed. It is illustrative to briefly review a few of those cases.

In *Tallman v. Eastern Illinois & Peoria R.R. Co.* (1942), 379 Ill. 441, the deed in question was captioned "RIGHT OF WAY DEED." The granting clause purported to "convey and warrant" a strip of land to the railroad "as and for its right of way." This court concluded that the use of the term "right of way" was descriptive of the estate granted and held that the deed conveyed an easement only. (*Tallman*, 379 Ill. at 453-54.) In so holding, the *Tallman* court noted the rule to be that the *grant* of a "right of way" to a railroad conveys an easement rather than a fee. (*Tallman*, 379 Ill. at 451.) Similarly, in *Branch v. Central Trust Co.* (1926), 320 Ill. 432, a deed conveyed to a railroad "a railroad right of way and depot grounds over and upon the whole of lot A *** [t]o have and to hold said lot A for a railroad right of way and depot grounds *** for so long as the same shall be used for a railroad right of way and depot grounds." In *Branch*, the granting clause itself clearly

defined the estate granted as a "right of way." This court determined that "right of way" in this context meant an easement and held that the deed conveyed only that interest. *Branch*, 320 Ill. at 443.

In *Cleveland, Cincinnati, Chicago & St. Louis Ry. Co. v. Central Illinois Public Service Co.* (1942), 380 Ill. 130, 131-32, the granting clause of the deed in question provided: "[W]e hereby grant, bargain, sell and release the right of way for said railroad to [the railroad] ***. And we hereby authorize said company *** to *** construct said road, and use said right of way ***." This court held, based upon the granting clause language which expressly conveyed only a "right of way," that the deed conveyed a right-of-way easement. (*Central Illinois Public Service Co.*, 380 Ill. at 135.) Likewise, in *Department of Public Works & Buildings v. Schmauss* (1972), 6 Ill. App. 3d 470, our appellate court determined that a deed to a railroad conveyed an easement where the granting clause of the deed conveyed "the right of way use and occupancy" of the described tract of land and the *habendum* clause provided for a reversion to the grantor should the railroad cease its railway operations on the land.

The above-cited cases make it clear that more than a mere reference to the term "right of way" in a deed has been required for that term to act to define or limit the estate granted by the deed. In each case it was apparent that the grant itself was of a "right-of-way." Such is not the case in the Dodson deed. The Dodson deed contained no *grant* of a "right-of-way" but rather contained only an incidental reference to the term in the clause prescribing conditions for the conveyance. Further, the Dodson deed neither is captioned "Right-of-Way" nor does it contain any language in the granting clause purporting to limit the estate conveyed. More applicable to the case at bar is *Sowers v. Illinois Central Gulf R.R. Co.* (1987),

152 Ill. App. 3d 163, in which the appellate court construed a deed to a railroad as conveying fee simple title even though the deed referred to a "right-of-way."

In *Sowers*, a railroad had acquired an interest in a strip of land by means of 28 deeds. In 27 of the deeds, the term "right of way" was not used. However, in the 28th deed, reference was made to a "right of way." The granting clause of the 28th deed stated that the grantors "CONVEY and WARRANT" to the railroad land described, in the legal description clause, as lying "over and across" certain described property, "being the right of way." *Sowers*, 152 Ill. App. 3d at 165-66.

In analyzing the 28th deed, the *Sowers* court first noted that a fee simple was indicated because the deed was in statutory form, it contained the words "convey and warrant," and there was no language in the granting clause purporting to limit the estate conveyed. (*Sowers*, 152 Ill. App. 3d at 172.) The court recognized the twofold significance of the term "right-of-way" and concluded that the use of the term in the legal description did not act to limit the estate granted, but merely served to locate the strip of land conveyed. (*Sowers*, 152 Ill. App. 3d at 172-73.) Accordingly, the *Sowers* court held that the 28th deed conveyed fee simple title to the railroad. *Sowers*, 152 Ill. App. 3d at 173.

As in *Sowers*, the Dodson deed was in statutory form, contained the words "conveys and warrants" and contained no limiting language in the granting clause. We conclude, like the *Sowers* court, that the use of the term "right-of-way" served only to locate and describe the land on which the railroad and the connected improvements were to be constructed, rather than to limit the estate conveyed. Unlike *Tallman, Branch, Central Illinois Public Service Co.* and *Schmauss*, a "right-of-way" was not itself granted by the language of the Dodson deed.

In the case at bar, the use of the term "right-of-way" in the conditions clause of the deed did not act to limit the fee simple estate conveyed by the clear language of the granting clause of the deed. There is no language in the Dodson deed, outside of the conditions clause, that is even arguably suggestive of an estate less than a fee simple. The intention of the parties as discerned from the instrument *as a whole* must be given effect. (*Tallman*, 379 Ill. at 444.) Accordingly, we conclude that both the trial and appellate courts were correct in determining that the Dodson deed conveyed title in fee simple to the railroad.

## II

The appellate court unanimously decided that the Dodson deed conveyed a fee simple estate to the railroad. Nevertheless, the majority decided to remand the cause to the trial court for further proceedings.

We agree with the dissenting justice of the appellate court that the finding that the Dodson deed conveyed an estate in fee simple negated the need for any further proceedings. Plaintiffs' second-amended complaint seeks to have title to the parcel of land quieted in them and to prevent the further development of the Forest Preserve District's bicycle path on the land. It is fundamental that in order for plaintiffs to be granted any of the relief they seek, they must be the *owners* of the subject land. (*Aebischer v. Zobrist* (1977), 56 Ill. App. 3d 151, 154.) A review of plaintiffs' pleadings reveals that the only theories of ownership asserted are both grounded in the proposition that the Dodson deed conveyed only an easement to the railroad. Plaintiffs allege that upon abandonment of that easement in 1946, the parcel of land reverted to plaintiffs either by reason of their status as adjoining landowners or as the successors-in-interest to the grantor's heirs. The determination that the Dodson

deed conveyed a fee simple title rather than an easement entirely negates plaintiffs' theories of ownership. Further, the complaint is devoid of any factual allegations which would support any other theory of ownership.

The factual issues referred to by the appellate court all pertain to the use, treatment and condition of the land after railroad operations were ceased in 1946. The only possible issue to which such facts could be relevant in this case is the question of whether plaintiffs acquired title by adverse possession. However, plaintiffs' second-amended complaint does not seek recovery under that doctrine. Moreover, plaintiffs' own pleadings demonstrate that such a claim could not be sustained. Plaintiffs' second-amended complaint admits that Commonwealth Edison and its predecessor used the land for their business purposes; thus, plaintiffs would be unable to establish that they had exclusive possession of the premises for the limitations period, an essential element for recovery under the doctrine of adverse possession. (*Joiner v. Janssen* (1981), 85 Ill. 2d 74, 81.) Further, plaintiffs alleged in their second-amended complaint that they were "permissive" users of the land in question, thus negating a second essential element of adverse possession, that of hostile possession. *Joiner*, 85 Ill. 2d at 81.

We therefore conclude that the appellate court majority erred in vacating the dismissal and remanding the cause to the trial court for an evidentiary hearing. The determination that the Dodson deed conveyed a fee simple title was dispositive of the entire case and further proceedings are not required.

### III

Next we address plaintiffs' contention that the circuit court erred in dismissing plaintiffs' second-amended complaint without conducting an evidentiary hearing.

Plaintiffs' second-amended complaint was dismissed by the circuit court pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). Initially, we note that the circuit court's treatment of the motions as being brought pursuant to section 2—615 was proper even though defendants failed to designate whether the motions were brought pursuant to section 2—615 or section 2—619 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—619). It is clear from the record that all parties proceeded as if the motions were brought pursuant to section 2—615. The motions asked for dismissal "for failure to state a cause of action."

A motion to dismiss under section 2—615 attacks only the legal sufficiency of the complaint. (*Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 406.) Such a motion does not raise affirmative factual defenses, as does a motion under section 2—619 of the Code, but rather alleges only defects on the face of the complaint. (See Ill. Ann. Stat., ch. 110, par. 2—619, Historical & Practice Notes, at 662 (Smith-Hurd 1983).) The question presented by a motion to dismiss under section 2—615 is whether sufficient facts are contained in the pleadings which, if proved, would entitle the plaintiff to relief. (*Kraustrunk v. Chicago Housing Authority* (1981), 95 Ill. App. 3d 529, 534.) The only matters to be considered in ruling on such a motion are the allegations of the pleadings themselves. *Seefeldt v. Millikin National Bank* (1985), 137 Ill. App. 3d 841, 842.

Plaintiffs contend that they were entitled to an evidentiary hearing before the circuit court ruled on the motions to dismiss. We find no merit to this contention. The circuit court considered plaintiffs' second-amended complaint and the attached exhibits and determined that those pleadings were insufficient to state a cause of action.

. It is well established that evidentiary material outside of the pleadings may not be considered in ruling on a section 2—615 motion. (*Seibring v. Parcell's Inc.* (1988), 178 Ill. App. 3d 62, 69; *Premier Electrical Construction Co. v. La Salle National Bank* (1983), 115 Ill. App. 3d 638.) The only consideration is whether the allegations of the second-amended complaint state a legally sufficient cause of action.

It is well settled that where a deed is unambiguous, the intention of the parties must be ascertained without consideration of extrinsic factors. (*Shelton v. Andres* (1985), 106 Ill. 2d 153.) The question of whether a deed is ambiguous is a matter of law. (*Tishman Midwest Management Corp. v. Wayne Jarvis, Ltd.* (1986), 146 Ill. App. 3d 684.) We agree with both the circuit court and the appellate court that the Dodson deed was unambiguous. Thus, consideration of plaintiffs' proffered evidence regarding the circumstances surrounding the Dodson deed to determine the intention of the parties would be improper. Accordingly, we conclude that there was no error in the circuit court's failure to conduct an evidentiary hearing prior to ruling on defendants' motions to dismiss.

Accordingly, that portion of the judgment of the appellate court holding that the Dodson deed conveyed a fee simple estate is affirmed. The portion of the appellate court's judgment vacating the dismissal of plaintiffs' cause of action and remanding for further proceedings is reversed. The judgment of the circuit court is affirmed.

> *Appellate court affirmed in part*
> *and reversed in part;*
> *circuit court affirmed.*

JUSTICE CLARK took no part in the consideration or decision of this case.