FOURTH DIVISION 

JUNE 5, 1998

No. 1--96--0609

CATHERINE PATRICK, individually and on behalf of all others similarly situated,

Plaintiffs-Appellants,

v.

WIX AUTO COMPANY, INC., an Illinois corporation,

Defendant-Appellee.

)

)

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

No. 95--L--50848

Honorable

Joseph N. Casciato,

Judge Presiding.

JUSTICE CERDA delivered the opinion of the court:

Plaintiff, Catherine Patrick, filed a class action against defendant, Wix Auto Company, alleging that defendant failed to comply with the satisfaction by repossession notice requirements of section 9--505(2) of the Illinois Commercial Code (810 ILCS 5/9--505(2)(West 1994)) after it repossessed her automobile.  Defendant filed a section 2--615 motion to dismiss the complaint (735 ILCS 5/2--615 (West 1994), which was granted.  The trial court found that the notice sent by defendant was sufficient as a matter of law.  For the following reasons, we reverse and remand.

Plaintiff purchased a used 1987 Cadillac automobile from defendant on March 22, 1995, for $6,995 plus finance charges.  Pursuant to the retail installment contract, plaintiff was required to maintain insurance on the automobile.  Defendant repossessed the automobile on April 26, 1995, and sent a letter entitled "Notice of Repossession" to plaintiff on May 2, 1995.

On September 29, 1995, plaintiff filed a class action against defendant for failure to comply with either section 

9--504 or 9--505(2) of the Illinois Commercial Code (810 ILCS 5/9--504, 9--505(2)(West 1994)).  The complaint sought statutory damages pursuant to section 9--507 of the Code.  810 ILCS 5/9--507(West 1994).  

On December 5, 1995, defendant filed a section 2--615 motion to dismiss for failure to state a cause of action.  The motion claimed that the notice sent to plaintiff on May 2, 1995, satisfied section 9--505(2)'s requirements.  The trial court granted defendant's motion.

On appeal, plaintiff asserts that the complaint adequately pleaded a cause of action because (1) it established that defendant was a secured creditor who, after repossessing the secured collateral, was required by section 505(2) to send a written notice that it proposed to retain the collateral in satisfaction of the obligation; (2) it alleged that the notice did not comply with the requirements of section 505(2); and (3) it set out the damages for defendant's violation, which is a statutory penalty under section 507.  

The main issue on appeal is whether plaintiff stated a cause of action pursuant to section 505(2), which reads, in pertinent part, as follows:

"In any other case involving consumer goods or any other collateral a secured party in possession may, after default, propose to retain the collateral in satisfaction of the obligation.  Written notice of such proposal shall be sent to the debtor if he has not signed after default a statement renouncing or modifying his rights under this subsection.  In the case of consumer goods no other notice need be given.***If the secured party receives objection in writing from a person entitled to receive notification within twenty-one days after the notice was sent, the secured party must dispose of the collateral under Section 9-504. In the absence of such written objection the secured party may retain the collateral in satisfaction of the debtor's obligation."  810 ILCS 5/9--505(2)(West 1994).

After repossessing a debtor's collateral, the secured creditor can either dispose of the collateral and seek a deficiency judgment (810 ILCS 5/9--504(West 1994)) or accept it in discharge of the obligation (810 ILCS 5/9--505(2)(West 1994)).  In either case, the secured creditor must send notice of its action to the debtor.  810 ILCS 5/9--504, 505(2)(West 1994).  

A motion to dismiss attacks only the legal sufficiency of a complaint.  
Urbaitis v. Commonwealth Edison
, 143 Ill. 2d 458, 475, 575 N.E.2d 548 (1991).  In making a determination to dismiss a complaint, the court must interpret the allegations of the complaint in the light most favorable to the plaintiff (
Kolegas v. Heftel Broadcasting Corporation
, 154 Ill. 2d 1, 9, 607 N.E.2d 201
 (1992)) and all well-pleaded facts and reasonable infer­ences are accepted as true (
Mt. Zion State Bank and Trust v. Consolidated Communications
, 169 Ill. 2d 110, 115, 660 N.E.2d 863 (1995); 
Fellhauer v. City of Geneva
, 142 Ill. 2d 495, 499, 568 N.E.2d 870 (1991)).

When a claim or defense is founded upon a written instrument, that instrument must be attached to the pleading as an exhibit and is part of the pleading for purposes of a motion to dismiss.  
F.H. Prince & Co., v. Towers Fin. Corp.
, 275 Ill. App. 3d 792, 797, 656 N.E.2d 142 (1995).  Therefore, we must analyze defendant's notice to plaintiff to determine whether the complaint stated a cause of action.

The notice stated as follows:

"Date:  May 2, 1995

NOTICE OF REPOSSESSION

Catherine Patrick VEHICLE: 1987 Fleetwood Cadillac

921 W. Wilson 

Chicago, IL 60640 SERIAL NO#:  1G6CB5189H4249770

BALANCE DUE:  $260.45

Dear Customer:

Our records indicate that you have failed to keep your contractual obligation.  Despite our efforts to notify you of such, the contract still remains in default of insurance.

Therefore, we have repossessed the above mentioned vehicle.  Please be advised that you may redeem your vehicle at any time until it is restocked.  If you fail to bring proof of insurance, the vehicle will be restocked and we will retain all monies received thus far.

THIS IS A FINAL NOTICE.
" (emphasis in original)

The parties have cited no Illinois cases that interpret section 505(2) and we have found none.  When there is a lack of Illinois cases interpreting the Illinois Commercial Code, this court has looked to Uniform Commercial Code decisions in other jurisdictions.  
Rebaque v. Forsythe Racing, Inc.
, 134 Ill. App. 3d 778, 781, 480 N.E.2d 1338 (1985); 
First Nat. Bank of Thomasboro v. Lachenmyer
, 131 Ill. App. 3d 914, 921, 476 N.E.2d 755 (1985).

Defendant urges this court to adopt a broad standard of notice so that the facts and circumstances surrounding the written notice would be relevant.  Defendant asserts that the notice was adequate because plaintiff did not allege that defendant later resold the automobile or pursued plaintiff to collect a deficiency after any sale.  Based on relevant cases in other jurisdictions, we decline to adopt the broad standard defendant suggests.

Section 505(2) contains specific requirements for a strict foreclosure and should not be liberally construed so that a forfeiture can occur.  
In re McNair
, 90 Bankr. 912, 917 (Bankr. N.D. Ill. 1988).  If, upon default, a creditor elects to retain the collateral as full satisfaction of the debtor's obligations, he must comply with the terms of section 505(2) (
Fletcher v. Cobuzzi
, 499 F. Supp. 694, 699 (W.D. Pa. 1980)), which requires that the creditor notify the debtor of the creditor's proposal to retain the collateral as full satisfaction of the debt (
Fletcher
, 499 F. Supp. at 699; 
Pan Ocean Navigation, Inc. v. Rainbow Navigation, Inc.
, No. 8674 (Del. Ch. July 8, 1987), slip op. at 6).  The written notice must clearly and explicitly inform the debtor that the creditor is retaining the collateral in satisfaction of the indebtedness.  
Chen v. Profit Sharing Plan of Dr. Donald H. Bohne, P.A.
, 216 Ga. App. 878, 456 S.E.2d 237, 240 (1995)
; 
In re Alcom America Corporation
, 154 Bankr. 97, 113 (Bankr. D.D.C. 1993).  

Further, the notice must be of strict foreclosure in particular, not simply of an intent to foreclose.  
Fletcher
, 499 F. Supp. at 699.  A notice of default and request for payment is inconsistent with strict foreclosure and does not satisfy the statutory requirement of section 505(2).  
In re Alcom America Corporation
, 154 Bankr. at 113.  Failure to comply with the requirements of section 505(2) makes the purported foreclosure ineffective.  
Pan Ocean Navigation, Inc.
, slip op. at 6. 

We find that the notice in this case was deficient under section 505(2) as a matter of law.  It did not give adequate notice because it was confusing, contradictory, and failed to inform plaintiff that defendant proposed to retain the automobile in full satisfaction of the debt.  First, the notice indicated that defendant intended to "restock" the automobile, not retain the automobile in full satisfaction of the debt.  Although no magic words are needed, it is insufficient to state that the automobile will be "restocked," which can be interpreted as meaning that it will be put back on the car lot to be resold, which would require following section 504.  In its brief, defendant states that custom and usage of a commercial business indicates that "restock" means to put the car back on the lot to resell, and at oral argument, defendant stated that "'restocked' means we're going to put [the automobile] back on the lot to sell."  It is not clear what would happen to the debt after the car is restocked and sold.  Perhaps the plaintiff would have to pay a deficiency. 

Further, the notice conveyed information that was inconsistent with a strict foreclosure: (1) it informed plaintiff that there was a balance due of $260.45; (2) it invited plaintiff to "redeem [the] vehicle at any time until it is restocked;" and (3) it stated only that defendant would "retain all monies received thus far" if plaintiff failed to cure the default.  

A helpful case is 
In re Leeling
, 129 Bankr. 637, 16 U.C.C. Rep. Serv. 267, 271 (Bank. D. Colo. 1991), where the court found the notice to be improper under section 505(2).  The notice in 
In re Leeling
 stated in part:

"I have, concurrently herewith, delivered a Certificate of Default to Greg Van Wagner, and have instructed him to Smiths pay [sic] all payments hereafter due***until Mr. Leeling's Note obligation to the Smiths is fully paid***Although not required by the Note, demand is hereby made for Mr. Leeling's full payment***Please contact me if Mr. Leeling intends to pay off the Note."

The bankruptcy court stated:

"Most importantly, it was inconsistent to have stated in the Kerst letter that the Van Wagner note would be retained in full satisfaction of the debt, and then two sentences later demand full payment by the debtor on the outstanding note he owed to the Smiths.  If the Smiths were retaining the Van Wagner note in full satisfaction, then the debtor need not have made any more payments on his outstanding debt to the Smiths, and the demand for full payment could certainly be viewed as an ambiguity as to the Smith's intentions.  Further, while it might not be necessary to use the magic words 'foreclosure' or 'retain in full satisfaction of the indebtedness' the intent to retain must be such that a reasonable person would understand that intent, and it must be clearly manifested by the secured creditor.  [Cite omitted.]  The court does not believe that such a clear intent was manifested by the Smiths and consequently, there was no foreclosure pursuant to §4--9--505(2), as its notice requirements have not been complied with."  
In re Leeling
, 129 Bankr. 637, 16 U.C.C. Rep. Serv. at 272.

Another helpful case is 
In re Alcom America Corporation
, 154 Bankr. at 113, where the notice was insufficient because it demanded payment of all amounts due, which was inconsistent with a strict foreclosure.  A telex was sent indicating that the debtor had defaulted under the security agreement and that the bank was enforcing its security interest under the Uniform Commercial Code, then demanded payment of all amounts due.  
In re Alcom America Corporation
, 154 Bankr. at 113.

Similarly, in this case, the notice did not comply with section 505(2) as a matter of law because it did not clearly and explicitly inform plaintiff that defendant was retaining the automobile in full satisfaction of the debt.  Therefore, the complaint adequately stated a valid cause of action.

Based on the foregoing, we reverse the circuit court judgment and remand this cause for further proceedings.

Reversed;
 remanded.

Wolfson, P.J., and Burke, J., concur.